# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 98-354

RICHARD D. SIMMONS,                                                    APPELLANT,

    V.

ANTHONY J. PRINCIPI,
SECRETARY OF VETERANS AFFAIRS,                                         APPELLEE.

Before HOLDAWAY, STEINBERG, and GREENE, *Judges*.

## O R D E R

On August 30, 2000, a panel of the Court issued an opinion in the instant appeal affirming a January 1998 decision of the Board of Veterans' Appeals (Board or BVA) that had determined that an April 1977 decision by a Department of Veterans Affairs (VA) regional office (RO), which had denied VA service connection for arthritis and a nervous disorder, did not contain clear and unmistakable error (CUE). *Simmons v. West*, 14 Vet.App. 84, 91-92 (2000). The Court entered judgment on September 21, 2000. On November 13, 2000, the Court recalled its judgment, noting that the enactment of the Veterans Claims Assistance Act of 2000, Pub. L. No. 106-475, 114 Stat. 2096 (Nov. 9, 2000) (VCAA), may affect the disposition of many appeals under its jurisdiction.

On December 5, 2000, the appellant, through counsel, filed a motion to vacate the Court's August 30, 2000, opinion. On December 21, 2000, the Court ordered the parties to file supplemental briefs addressing the effect of the changes in law enacted in the VCAA. The Court also ordered that the appellant's motion to vacate the August 30, 2000, opinion be held in abeyance pending receipt of the supplemental briefs. On April 5, 2001, the Secretary filed a response in which he asserted that a remand of the matters on appeal was required pursuant to *Holliday v. Principi*, 14 Vet.App. 280 (2001), in order for the case to be readjudicated in light of the enactment of the VCAA. The Court construed the Secretary's response as a motion for remand. On August 31, 2001, the Court revoked a July 13, 2000, order that had submitted this appeal to a panel for a decision and returned the matter to the single judge for disposition.

On September 10, 2001, in a single-judge order, the Court vacated the Board decision and remanded the matters for readjudication in accordance with the Secretary's unopposed, construed motion. On that same date, however, the Secretary filed an opposed motion to withdraw his April 2001 response and the construed motion for remand; he now moves to file a substitute response that he appended to his motion, and further moves for reinstatement, based on the Court's opinion in *Livesay v. Principi*, 15 Vet.App. 165 (2001) (en banc), of the judgment of affirmance.

On September 17, 2001, the appellant filed, through counsel, a motion for clarification of the Court's August 31, 2001, order. He notes, among other things, that the Court has not ruled on his motion to vacate the panel opinion of August 30, 2000. He also inquires whether, given the significant changes in the law represented by this Court's opinion in *Livesay, supra,* and opinions of the U.S. Court of Appeals for the Federal Circuit (Federal Circuit) in *Roberson v. Principi*, 251 F.3d 1378 (Fed. Cir. 2001), and *Cook v. Principi*, 258 F.3d 1311 (Fed. Cir. 2001), *opinion withdrawn*, 275 F.3d 1365 (Fed. Cir. 2002), the parties would be provided an opportunity for supplemental briefing.

On September 19, 2001, the appellant filed a response in opposition to the Secretary's motion to file a substituted response. He asserts that the holding in *Livesay* is not dispositive of the CUE claims in the instant case because *Livesay* involved the claim of CUE in a Board decision under 38 U.S.C. § 7111, whereas the instant case involves CUE in an RO decision, which is governed by 38 U.S.C. § 5109A and 38 C.F.R. § 3.105 (2001). Additionally, he notes that the Court's opinion in *Livesay* supports a remand in this case of the issue of the nonfinality of the 1977 RO decision based on grave procedural error. *See Hayre v. West*, 188 F.3d 1327, 1333 (Fed. Cir. 1999); *see also Cook*, *supra*. On October 1, 2001, the Secretary filed a motion for reconsideration of, or, in the alternative, for a panel decision replacing, the September 10, 2001, single-judge order. Because the Court will withdraw the September 10, 2001, order, the Secretary's motions will be denied as moot.

In December 2000, the Federal Circuit held 38 C.F.R. § 20.1404(b) (1999) invalid, because, by precluding Board review of any claim of CUE in a prior BVA decision where the claimant's pleadings did not comply with filing and pleading requirements, the regulation operated contrary to the requirement under 38 U.S.C. § 7111(e) that such CUE claims "shall be decided by the Board on the merits". *Disabled Am. Veterans v. Gober*, 234 F.3d 682, 704 (Fed. Cir. 2001) [hereinafter *DAV v. Gober*]*, cert. denied*, 532 U.S. 973 (2000). The Court requires additional briefing to address the extent to which, if any, the Federal Circuit's holding in *DAV v. Gober* as to section 7111(e) should be expanded to cases under section 5109A, in order to preclude a res judicata effect from the denial of a CUE claim as to a prior VARO decision, when the denial is based on a failure to comply with pleading requirements under *Fugo v. Brown*, 6 Vet.App. 40 (1993), rather than on a merits adjudication. *Cf.* 66 Fed. Reg. 35,902 (July 10, 2001) (to be codified at 38 C.F.R. pt. 20) (providing that under interim rule, CUE motions that do not meet pleading or filing requirements shall be *dismissed* without prejudice rather than denied).

At the request of the single judge, this matter will be returned to the panel. The Court will grant the appellant's request for clarification to the extent reflected herein.

On consideration of the foregoing, it is by the single judge

ORDERED, sua sponte, that the Court's September 10, 2001, order is withdrawn and the matter is submitted to this panel. It is further

2

ORDERED that the Secretary's October 1, 2001, motion for reconsideration of the Court's September 10, 2001, order is denied as moot. It is by the panel

ORDERED that the Court's August 30, 2000, panel opinion is withdrawn. It is further

ORDERED that the Secretary's motion to withdraw his April 5, 2001, response (on which the Court's September 10, 2001, order was based) and to substitute his September 30, 2001, response is denied. His motion for reinstatement of judgment is denied. However, the response contained in the September 2001 motion will be accepted for filing as a supplemental response. It is further

ORDERED that, not later than 30 days after the date of this order, the appellant submit a supplemental memorandum addressing the Secretary's supplemental response (now accepted for filing) and what, if any, effect the opinions in *Roberson*, *DAV v. Gober*, *Hayre*, and *Livesay*, all *supra*, have on matters before the Court in the instant appeal. Not later than 30 days after the date of service of the appellant's supplemental memorandum, the Secretary shall file, and serve on the appellant, a supplemental memorandum in response. Not later than 20 days after the date of service of the Secretary's response, the appellant may, if he chooses, file (and, if so, shall serve on the Secretary) a supplemental memorandum in reply to the Secretary's response. It is further

ORDERED that the Secretary's alternative October 1, 2001, motion for a panel decision to replace the Court's September 10, 2001, single-judge decision is denied as moot.

DATED:       June 7, 2002                                    PER CURIAM.