This version includes the errata dated 7Jul03-e

**UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS**

No. 98-354

RICHARD D. SIMMONS, APPELLANT,

V.

ANTHONY J. PRINCIPI,
SECRETARY OF VETERANS AFFAIRS, APPELLEE.

On Appeal from the Board of Veterans' Appeals

(Decided   June 4, 2003  )

*Kenneth M. Carpenter*, of Topeka, Kansas, was on the pleadings for the appellant.

*Tim S. McClain*, General Counsel; *R. Randall Campbell*, Assistant General Counsel; *Thomas A. McLaughlin*, Special Assistant to the Assistant General Counsel; and *Cristine D. Senseman*, all of Washington, D.C., were on the pleadings for the appellee.

Before FARLEY, STEINBERG, and GREENE, *Judges*.

STEINBERG, *Judge*:  The appellant, veteran Richard D. Simmons, through counsel, seeks review of  a January 1998 Board of Veterans' Appeals (Board or BVA) decision that denied as legally insufficient a claim of clear and unmistakable error (CUE) in an April 1977 decision by a Department of Veterans Affairs (VA) regional office (RO) that had denied VA service connection for arthritis and a nervous disorder.  Record (R.) at 3.  The relevant filings of the parties, along with the protracted procedural history of this case, will be detailed below.  For the reasons that follow, the Court will vacate the Board decision and remand the matter.

**I. Relevant Background**

The veteran served in the U.S. Navy from November 1968 to January 1970. R. at 14. His service medical records (SMRs) reported that he had suffered from depression (R. at 23, 27) but contained no indication of his having in-service arthritis (*see* R. at 17-32). A February 1972 private hospitalization discharge report noted that the veteran had complained of "arthritis of large joints since 12/20/71"; he was diagnosed as having "[p]olyarthritis, probably rheumatoid, seronegative". R. at 34.

In September 1972, the veteran filed with the VARO an application for VA compensation or pension based on arthritis. R. at 38-42. He submitted a private medical record, dated September 1972, that described treatment on "December 20, 1971, [for] painful swelling . . . near the right sacro iliac [sic] joint." R. at 45. In November 1972, a VA examining physician diagnosed the veteran as having "[p]olyarthritis, cause undetermined". R. at 62. The RO in December 1972 awarded the veteran non-service-connected pension benefits for his arthritis, effective December 1971. R. at 67-68.

In June 1974, the veteran filed a claim for VA service connection for rheumatoid arthritis; he asserted that his arthritis was a "direct result of his mental depression in service." R. at 80. In July 1974, he submitted, inter alia, an April 1974 private hospitalization summary, which diagnosed "[r]heumatoid arthritis, seronegative". R. at 86. An August 1974 VA psychiatric examination report noted the veteran's account that he had "developed rheumatoid arthritis in December 1971" and diagnosed "[a]nxiety reaction with depressive features, moderate only, secondary to arthritis condition." R. at 123. The RO in September 1974 denied the veteran's "reopened claim" because his arthritis and anxiety reaction "were not incurred in or aggravated by his period of military [service;] nor [was] it shown that he had arthritis manifested within the first year following service." R. at 128-29.

In November 1974, the veteran submitted a letter from Dr. Herion, a private physician, stating:

> On the basis of information contained in [m]edical [r]ecords covering [the veteran's] illness while in the United States Navy from August 1968 to January 1970, it is reasonable to presume that his illness then, which appeared as mental depression, was the same as that presenting as polyarthritis when I saw him in February 1972. . . . The brief interval between his discharge from the military and the

2

onset of his polyarthritis would, I believe, make it likely that Mr. Simmons['] chronic disease was present even while he was in the United States Navy.

R. at 149. In December 1974, the RO confirmed its earlier denial of service connection for arthritis; the RO concluded: "Dr. Herion's statement provides no basis to establish that rheumatoid arthritis developed during [the veteran's] active military service or within the [one-]year presumpti[on] period following separation from service." R. at 156.

In April 1977, the veteran submitted to the RO a private medical record from Dr. Ford that contained a May 1970 diagnosis of "[a]rthritis (type undetermined) . . . [and n]ervous anxiety". R. at 182. Later that month, the RO confirmed its prior denial of both claims. R. at 184. In May 1977, the RO notified the veteran of its decision in a letter that stated: "Dr. Ford's statement provides no basis to establish service connection for arthritis and nervous condition." *Ibid.* The veteran did not appeal to the Board any of the above RO decisions.

In September 1994, the veteran filed a claim asserting CUE as to that April 1977 RO decision. R. at 316. It is unclear whether the RO in 1977 reopened the veteran's claims and then denied them on the merits or whether the RO denied the veteran's attempt to reopen as to the previously disallowed claims. For the purposes of this decision, the Court need not decide that question, because, pursuant to *Crippen v. Brown*, "it does not matter whether a particular RO decision was or was not a merits adjudication, because the disposition of the CUE claim would ultimately turn on the same question." *Crippen*, 9 Vet.App. 412, 421 (1996) (stating that in either scenario the claimant must establish that the merits "would have 'manifestly' been changed" and also quoting *Mason (Sangernetta) v. Brown*, 8 Vet.App. 44, 52 (1995)). In July 1995, the veteran submitted a statement in which he asserted that in April 1977 he had been entitled to a presumption of service connection under 38 C.F.R. § 3.307(a)(3). R. at 339. In February 1995, the RO denied his CUE challenge. R. at 346-48. The veteran timely appealed to the Board. R. at 351, 359-60. In the January 1998 BVA decision here on appeal, the Board denied the veteran's CUE claim. R. at 3.

The appellant filed his brief in this case in January 1999, and in April 1999 the Secretary filed a motion for single-judge affirmance. In October 1999, the Court ordered the parties to file supplemental memoranda as to the opinion of the U.S. Court of Appeals for the Federal Circuit

3

(Federal Circuit) in *Hayre v. West*, 188 F.3d 1327 (Fed. Cir. 1999). The appellant filed his supplemental memorandum in November 1999, and the Secretary filed his response to the appellant's supplemental memorandum in February 2000. On August 30, 2000, a panel of the Court issued an opinion in this case affirming the January 1998 Board decision. *Simmons v. West*, 14 Vet.App. 84, 91-92 (2000). The Court entered its judgment on September 21, 2000. On November 13, 2000, the Court recalled its judgment, noting that the enactment of the Veterans Claims Assistance Act of 2000, Pub. L. No. 106-475, 114 Stat. 2096 (Nov. 9, 2000) (VCAA), may affect the disposition of many appeals under its jurisdiction.

On December 5, 2000, the appellant, through counsel, filed a motion to vacate the Court's August 30, 2000, opinion. On December 21, 2000, the Court ordered the parties to file supplemental briefs addressing the effect of the changes in law enacted in the VCAA. *Simmons v. Principi*, 14 Vet.App. 226 (2000) (per curiam order). In January 2001, the Court also ordered that the appellant's motion to vacate the August 30, 2000, opinion be held in abeyance pending receipt of the supplemental briefs. *Simmons v. Principi*, No. 98-354, 2001 WL 122226 (Vet. App. Jan. 31, 2001) (per curiam order). On April 5, 2001, the Secretary filed a response in which he asserted that a remand of the matters on appeal was required pursuant to *Holliday v. Principi*, 14 Vet.App. 280 (2001), in order for the case to be readjudicated in light of the enactment of the VCAA. The Court construed the Secretary's response as a motion for remand. On August 31, 2001, the Court revoked a July 13, 2000, order that had submitted this appeal to a panel for a decision and returned the matter to the single judge for disposition.

On September 10, 2001, in a single-judge order, the Court vacated the Board decision and remanded the matters for readjudication in accordance with the Secretary's unopposed, construed motion. *Simmons v. Principi*, No. 98-354, 2001 WL 1167536, at *2 (Vet. App. Sept. 10, 2001). On that same date, however, the Secretary (1) filed an opposed motion to withdraw his April 2001 response and the construed motion for remand, (2) moved to file a substitute response that he appended to his motion, and (3) further moved for reinstatement of the Court's September 2000 judgment, based on the Court's opinion in *Livesay v. Principi*, 15 Vet.App. 165 (2001) (en banc) (holding that VCAA does not apply to CUE claim as to prior BVA decision), of the judgment of affirmance.

4

On September 17, 2001, the appellant filed, through counsel, a motion for clarification of the Court's August 31, 2001, order. He noted, among other things, that the Court had not ruled on his motion to vacate the panel opinion of August 30, 2000. Motion at 2. He also inquired whether, given the significant changes in the law represented by this Court's opinion in *Livesay, supra,* and opinions of the Federal Circuit in *Roberson v. Principi*, 251 F.3d 1378 (Fed. Cir. 2001), and *Cook v. Principi*, 258 F.3d 1311 (Fed. Cir. 2001) [hereinafter *Cook I*], *opinion withdrawn*, 275 F.3d 1365 (Fed. Cir. 2002) [hereinafter *Cook II*], the parties would be provided an opportunity for supplemental briefing. *Ibid*.

On September 19, 2001, the appellant filed a response in opposition to the Secretary's motion to file a substituted response. He asserted that the holding in *Livesay* is not dispositive of the CUE claim in this case because *Livesay* involved the assertion of CUE as to a Board decision under 38 U.S.C. § 7111, whereas this case involves CUE as to an RO decision, which is governed by 38 U.S.C. § 5109A and 38 C.F.R. § 3.105 (2002). Response (Resp.) at 1-2. Additionally, he noted that the Court's opinion in *Livesay* supports a remand in this case of the issue of the nonfinality of the 1977 RO decision based on grave procedural error. Resp. at 2. *See Hayre v. West*, 188 F.3d 1327, 1333 (Fed. Cir. 1999); *see also Cook I*, *supra*. On October 1, 2001, the Secretary filed a motion for reconsideration of, or, in the alternative, for a panel decision replacing, the September 10, 2001, single-judge order.

In a June 7, 2002, per curiam order, the Court (1) sua sponte withdrew the September 10, 2001, order; (2) submitted the matter to the instant panel; (3) sua sponte withdrew the Court's August 30, 2000, panel opinion; (4) denied the Secretary's motion to withdraw his April 5, 2001, response and to substitute his September 30, 2001, response, but accepted the September 2001 filing as a supplemental response; and (5) ordered the appellant to file a supplemental memorandum addressing the Secretary's September 2001 supplemental response, as well as the effect, if any, of the opinions in *Roberson*, *Hayre*, and *Livesay*, all *supra*, as well as *Disabled American Veterans v. Gober*, 234 F.3d 682, 704 (Fed.Cir. 2001) [hereinafter *DAV v. Gober*], *cert. denied*, 532 U.S. 973 (2001), on this matter. *Simmons v. Principi*, 16 Vet.App. 153, 155 (2002) (per curiam order).

The appellant filed a supplemental memorandum on June 24, 2002. Therein, he argues (1) that under *Livesay*, the VCAA was inapplicable to his case (Supplemental Memorandum

5

(Mem.) at 2) but that "*Livesay* is **applicable** regarding the question of dealing with the 'grave procedural error' allegation made by the [a]ppellant in this matter" (Mem. at 10); (2) that the Federal Circuit's holding in *DAV v. Gober* that a case asserting CUE as to a prior final Board decision should be dismissed rather than denied where the appellant's arguments fail to comply with specific-pleading requirements for CUE claims, *DAV v. Gober*, 234 F.3d at 699, should be expanded to cases alleging CUE as to a prior final RO decision (Mem. at 2); (3) that *Roberson*, 251 F.3d at 1384, requires the Court to remand his case to the Board with instructions to remand the case to the RO, in order to address whether the April 1977 RO decision complied with the duty to assist (Mem. at 5-6); and (4) that *Hayre* should require a remand in this case, but that "the parties and this Court may be well served if the proceedings in this matter were stayed pending the en banc decision in *Cook*" (Mem. at 10).

The Secretary responded to the appellant's supplemental memorandum on September 23, 2002. Therein, the Secretary requests a stay of proceedings pending the outcome of *Cook II*, *supra* (Response (Resp.) at 1), and argues (1) that *Livesay*, 15 Vet.App. at 176, supports the Secretary's position in this case and does not require a remand for consideration of an asserted "grievous [sic] procedural error" (Resp. at 4); (2) that *Roberson*, *supra*, should be narrowly construed and does not dictate a remand in this case (Resp. at 5-7); and (3) that the Court should affirm the instant Board decision, because "[a] denial or termination under such conditions would not be a merits determination, and would not preclude a later CUE attack on the same RO decision" (Resp. at 8). The appellant filed on October 3, 2002, his reply to the Secretary's response. He reiterates the arguments from his supplemental memorandum, and notes that he did not object to a stay of proceedings pending the outcome of *Cook II*, *supra*. Reply at 1-7. On November 13, 2002, this matter was stayed pending the outcome of *Cook II*, *supra*.

On December 20, 2002, the Federal Circuit issued its opinion in *Cook v. Principi*, 318 F.3d 1334 (Fed. Cir. 2002) [hereinafter *Cook III*]. On January 10, 2003, the appellant filed a motion to stay proceedings pending a decision by the U.S. Supreme Court on a petition for a writ of certiorari, which his counsel, who was also counsel in *Cook*, contemplated filing in *Cook III*, *supra*. On February 11, 2003, the Court dissolved the November 13, 2002, stay of proceedings and denied the appellant's December 20, 2002, motion to stay proceedings any further.

6

## II. Analysis

### A. VCAA

In *Livesay*, this Court held that the VCAA was inapplicable to a CUE claim as to a prior final **Board** decision. *Livesay*, 15 Vet.App. at 178. Also, in *Parker v. Principi*, we held, in a case involving a CUE claim as to a prior final **RO** decision, that the Secretary's VCAA remand motion "has no merit following this Court's decision in *Livesay*." *Parker*, 15 Vet.App. 407, 412 (2002); *see also Juarez v. Principi*, 16 Vet.App. 518, 521 (2002) (per curiam order) (citing *Parker* as "holding VCAA inapplicable to claim that RO decision contained CUE"). Hence, the Court will not further discuss this issue.

### B. Grave-Procedural-Error Claim

The appellant, in his supplemental memorandum, relies on *Hayre* and *Livesay*, both *supra*, to support his contention that this matter should be remanded on the basis that a "grave procedural error" was committed during the adjudication of his claim. Mem. at 10. The Federal Circuit recently held in *Cook III* that the finality of a VA decision could not be vitiated by a "grave procedural error" on the part of VA. *Cook* 318 F.3d at 1341 (overruling holding of *Hayre, supra,* that finality of RO decision was vitiated when VA committed "grave procedural error" by failing to obtain service medical records requested several times by appellant). In *Cook III*, the asserted "grave procedural error" was an RO's failure to provide the veteran with a proper medical examination. *Ibid*. Similarly, in the instant case, the appellant has argued that "VA's failure to obtain a comprehensive medical evaluation to determine whether the 10% threshold under 38 C.F.R. § 3.30[7](a) [(1976)] had been met constituted a breach of its duty to assist" and that "[u]nder *Hayre*[, *supra*], the appellant's 1977 claim to entitlement to service[-]connected arthritis should be considered unadjudicated or nonfinal." Nov. 1999 Mem. at 2. Because a nearly identical argument was rejected by the Federal Circuit in *Cook III*, the Court holds in this case that the appellant's assertion that he was not provided a "comprehensive medical evaluation" cannot, as a matter of law, serve to vitiate the finality of the April 1977 BVA decision. *Cook III*, *supra.*

7

### C. Roberson *Development*

The appellant argues the following as to *Roberson*, *supra*:

> The [a]ppellant would assert that the Federal Circuit's decision in *Roberson* **requires** that this matter be remanded to the Board with instructions to remand to the [RO] for **readjudication** of the [a]ppellant's claim of VARO CUE in light of the Federal Circuit's decision regarding the standard to be utilized in the review of claims of CUE. . . .

> In the instant matter, the Board should be instructed by the Court to instruct the [RO] to determine whether the April 1977 [RO d]ecision **fully developed** the [a]ppellant's claims for service connection for arthritis and a nervous condition **before** deciding it on the merits. Specifically, whether the [RO] had **fully developed** whether there were symptoms or manifestations of a chronic condition of rheumatoid arthritis during the presumpti[on] period provided in 38 C.F.R. § 3.307(a)(3).

Mem. at 5-6 (emphasis in original).

In *Roberson*, the Federal Circuit held that if a veteran submits evidence of a medical disability for which he is then awarded service connection, makes a claim for the highest rating possible, and submits evidence of unemployability, as had the veteran in that case, then VA must consider a rating of total disability based upon individual unemployability (TDIU), even if not specifically requested by the veteran. *Roberson*, 251 F.3d at 1382-85. The Federal Circuit stated:

> In *Hodge v. West*, 155 F.3d 1356 (Fed. Cir. 1998), we . . . determined that Congress has mandated that . . . VA is "to fully and sympathetically develop the veteran's claim to its optimum before deciding it on the merits." We see no basis for applying a different standard to a CUE claim, and we hold that . . . []VA is thus required to consider a CUE claim using the standard of *Hodge*.

*Roberson*, 251 F.3d at 1384.

The appellant's *Roberson* arguments appear to rely on the Federal Circuit's statement that the "standard of *Hodge*" should apply to CUE claims. However, in *Lane v. Principi*, this Court explained the limited application of *Roberson*, which "involved a situation where the Federal Circuit applied the *Hodge* standard in addressing the CUE determination that was before it in order to find and require development of a non-CUE claim that was still open and pending before VA." *Lane*,

16 Vet.App. 78, 86-87 (2002). The Court went on to hold that "because . . . the appellant has not raised any argument as to a pending non-CUE claim, any *Hodge* standard of development is inapplicable." *Id*. at 87. Furthermore, the Federal Circuit, in *Cook III*, stated that "[i]n *Roberson*, a critical issue was whether, in addressing Roberson's claim that there was CUE as to the 1984 rating decision, . . . VA and the [Court of Appeals for Veterans Claims] had erred by failing to recognize that in his original claim, Roberson has sought [TDIU]." *Cook III*, 318 F.3d at 1347.

In the instant case, the appellant has neither raised nor asserted that he had sought TDIU at the time of his original April 1977 RO decision. Furthermore, there are no pending non-CUE claims related to that RO decision; the only arguments raised by the appellant in that respect, i.e., assertions that his claim is nonfinal due to a "grave procedural error", were rejected in part II.B., above. Therefore, as we held in *Lane*, "any *Hodge* standard of development" and *Roberson* are inapplicable to this case. *Lane, supra*.

### D. CUE Claim

### 1. Relevant Law

An RO decision that has become final, as had the April 1977 RO decision, generally may not be reversed or amended in the absence of CUE. *See* 38 U.S.C. § 5109A (codifying into law VA regulation 38 C.F.R. § 3.105(a)); 38 C.F.R. § 3.105(a) (1997); *see also* 38 U.S.C. §§ 5108, 7105(c); *cf.* 38 U.S.C. § 5110(i) (2002) (providing that when previously disallowed claim is reopened and allowed on basis of new and material evidence in form of service department records, effective date is date such disallowed claim was filed).

VA regulatory § 3.105(a) provides:

> Where evidence establishes [CUE], the prior decision will be reversed or amended. For the purpose of authorizing benefits, the rating or other adjudicative decision which constitutes a reversal of a prior decision on the grounds of [CUE] has the same effect as if the corrected decision had been made on the date of the reversed decision.

38 C.F.R. § 3.105(a) (2002). The CUE claim presented here is a collateral attack on a final RO decision. *See Crippen*, 9 Vet.App. at 418; *see also Fugo v. Brown*, 6 Vet.App. 40, 44 (1993).

9

In *Russell v. Principi*, the Court defined CUE as follows:

> Either the correct facts, as they were known at the time, were not before the adjudicator or the statutory or regulatory provisions extant at the time were incorrectly applied. . . . [CUE is] the sort of error which, had it not been made, would have manifestly changed the outcome . . . [, an error that is] undebatable, so that it can be said that reasonable minds could only conclude that the original decision was fatally flawed at the time it was made.

*Russell*, 3 Vet.App. 310, 313-14 (1992) (en banc); *see also Bustos v. West*, 179 F.3d 1378, 1380 (Fed. Cir. 1999) (expressly adopting the "manifestly changed the outcome" language in *Russell*, *supra*), *cert. denied*, 528 U.S. 967 (1999). "A determination that there was a '[CUE]' must be based on the record and the law that existed at the time of the prior . . . decision." *Id.* at 314. "In order for there to be a valid claim of [CUE], . . . [t]he claimant, in short, must assert more than a disagreement as to how the facts were weighed or evaluated." *Id.* at 313; *see also Damrel v. Brown*, 6 Vet.App. 242 (1994). Moreover, a CUE motion must identify the alleged error(s) with "some degree of specificity." *Crippen*, 9 Vet.App. at 420; *Fugo*, 6 Vet.App. at 44 ("to raise CUE there must be some degree of specificity as to what the alleged error is and . . . persuasive reasons must be given as to why the result would have been *manifestly* different"). On appeal of a BVA determination that there was no CUE as to a prior final RO decision, the Court's review is limited to determining whether the Board's conclusion is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law", 38 U.S.C. § 7261(a)(3)(A), and whether it is supported by an adequate statement of "reasons or bases", 38 U.S.C. § 7104(d)(1). *See Beyrle v. Brown*, 9 Vet.App. 24 (1996); *see also Dobbin v. Principi*, 15 Vet.App. 323, 326 (2001); *Eddy v. Brown*, 9 Vet.App. 52, 57 (1996); *Damrel*, 6 Vet.App. at 246; *Russell*, 3 Vet.App. at 315.

### 2. Preclusive Effect of Board Denial

In *DAV v. Gober*, *supra*, the Federal Circuit addressed a VA regulation, 38 C.F.R. § 20.1404(b) (2000), that provided as follows regarding a CUE claim collaterally attacking a prior final decision of the Board:

> (b) *Specific allegations required.* The motion must set forth clearly and specifically the alleged clear and unmistakable error, or errors, of fact or law in the Board decision, the legal or factual basis for such allegations, and why the result would have been manifestly

10

different but for the alleged error. Non-specific allegations of failure to follow regulations or failure to give due process, or any other general, non-specific allegations of error, are insufficient to satisfy the requirement of the previous sentence. Motions which fail to comply with the requirements set forth in this paragraph ***shall be denied.***

38 C.F.R. § 20.1404(b) (2000) (emphasis added). The Federal Circuit noted that the denial of a CUE claim under § 20.1404(b) (2000) would be a "final decision" under this Court's opinion in *Russell*, 3 Vet.App. at 315. *DAV v. Gober*, 234 F.3d at 698. The Federal Circuit further noted that, pursuant to 38 C.F.R. § 20.1409(c) (2000), once there is a final decision on a CUE claim on a particular issue, the prior Board decision being collaterally attacked "'on that issue is no longer subject to revision on the grounds of [CUE]'", and "'[s]ubsequent motions relating to that prior Board decision on that issue shall be dismissed with prejudice.'" *DAV v. Gober*, 234 F.3d at 698 (quoting 38 C.F.R. § 20.1409(c) (2000)). The Federal Circuit then read § 20.1404(b) and § 20.1404(c) together and concluded:

> [These paragraphs] operate together to insulate from CUE review any issue in a prior Board decision that was the subject of a CUE motion that was found to be defective for any of the reasons set forth in [§ 20.]1404(b). Consequently, the Board decision on the issue the claimant attempted to challenge in the defective CUE motion is not subject to revision due to CUE. *See* 38 C.F.R. § 20.1409(c)[(2000)].

*DAV v. Gober*, 234 F.3d at 698. After noting the 38 U.S.C. § 7111(e) requirement that CUE claims be adjudicated "on the merits", the Federal Circuit concluded:

> [Regulatory § 20.]1404(b)'s requirement that a claimant specify the basis for his CUE claim is reasonable. . . . VA is correct that Congress directed the Board to promulgate rules to require CUE claims to be plead with specificity in order to "make consideration of appeals raising [CUE] less burdensome." H.R. [REP.] No. 105-52, at 3. At the same time, however, as just explained, the effect of the last sentence of [§ 20.]1404(b), in conjunction with [§ 20.]1409(c), is to shield from CUE review any issue that is the subject of a CUE motion that is "denied" because the motion does not comply with the pleading requirements of [§ 20.]1404(b). As a result, the Board may never decide a particular CUE claim "on the merits," as required by 38 U.S.C. § 7111(e), not because the claimant failed to establish, substantively, his CUE claim, but, rather, because of pleading defects

11

> in the motion in which the claim is first advanced. For this reason, we believe that [§ 20.]1404(b), in the manner it operates in tandem with [§ 20.]1409(c), is contrary to the requirement of 38 U.S.C. § 7111(e) that the Board decide a CUE claim on the merits. We therefore hold, as it operates with [§ 20.]1409(c), [§ 20.]1404(b) is invalid.

*DAV v. Gober*, 234 F.3d at 699. Subsequent to the Federal Circuit's opinion in *DAV v. Gober*, the Secretary amended § 20.1404(b) in 66 Fed. Reg. 35,903 (July 10, 2001). The last sentence of § 20.1404(b) now reads: "Motions which fail to comply with the requirements set forth in this paragraph shall be dismissed without prejudice to refiling under this subpart." 38 C.F.R. § 20.1404(b) (2002).

In the instant case, the appellant brought a claim of CUE as to the April 1977 RO decision. R. at 9. The Board, in its January 1998 decision under review, discussed the *Fugo* specific-pleading requirements for CUE claims and concluded that "the appellant's claim of CUE . . . must be denied as legally insufficient." R. at 10. In *Fugo*, this Court determined that the appellant had "not reasonably raised . . . CUE" because he had "fall[en] far short of alleging the kind of error that could be considered CUE" by failing to give "some degree of specificity as to what the alleged error is and . . . persuasive reasons . . . as to why the result would have been *manifestly* different but for the alleged error." *Fugo*, 6 Vet.App. at 43-44.

Here, the appellant's claim of CUE as to a prior final RO decision was ***denied*** by the Board, rather than simply not adjudicated, as in *Fugo*. R. at 12. Furthermore, this denial appears to have been based on the "legal insufficien[cy]" of the appellant's claim. R. at 10. Pursuant to 38 U.S.C. § 5109A(e), a request for revision of an RO decision on the basis of CUE "shall be submitted to the Secretary and ***shall be decided in the same manner as any other claim***." 38 U.S.C. § 5109A(e) (emphasis added). Although section 5109A does not contain a statutory provision pertaining to review of CUE claims as to a prior final ***RO decision*** that is directly analogous to 38 U.S.C. § 7111(e)'s requirement that the Board decide a CUE claim "on the merits", it would be incongruous to conclude that Congress intended to require one class of CUE claims to receive scrutiny "on the merits", but was content to allow another class of CUE claims, such as the appellant's, to be preclusively denied merely because it failed to meet pleading specifications. *Cf. Juarez*, 16 Vet.App.

12

at 520-21 (characterizing *Parker*, *supra*, as holding "VCAA inapplicable to claim that RO decision contained CUE"). Moreover, the Court notes that claims for benefits are not subject to preclusive ***denial*** by the Board for pleading insufficiencies. *See* 38 U.S.C. §§ 5102(b) (providing that, in event of incomplete application, VA shall "notify the claimant . . . of the information necessary to complete the application"), 7105(d)(5) ("[t]he Board . . . may ***dismiss*** any appeal which fails to allege specific error of fact or law in the determination being appealed" (emphasis added)); *see also* 38 U.S.C. §§ 5108 (providing that previously and finally disallowed claims may be reopened upon presentation of new and material evidence), 7266(a) (providing for filing Notice of Appeal (NOA) to this Court to appeal "final" Board decisions). Additionally, we note that, in the VCAA, Congress eliminated the well-grounded-claim provision from section 5107(a). *See Holliday*, 14 Vet.App. at 284-85. Although this provision was technically a substantive, rather than a pleading, requirement, *see Caluza v. Brown*, 7 Vet.App. 498, 506 (1995), denial for failure to submit a well-grounded claim could be viewed as being akin to denial for a pleading insufficiency. *See Nolen v. Gober*, 222 F.3d 1356, 1360 (Fed. Cir. 2000) (noting that "the well[-]grounded claim requirement serves a 'gatekeeping' function in the claims process – if the veteran presents a well[-]grounded claim to the RO, that triggers the DVA's statutory duty to assist the veteran in perfecting the claim"). Hence, it is relevant for our purposes here to note that to the extent that this requirement could be construed as a pleading requirement, not only did Congress in the VCAA repeal the well-grounded-claim provision, but it also statutorily vitiated for a set period of time before the enactment of the VCAA the res judicata effect of final denials for lack of well groundedness under pre-VCAA section 5107(a). VCAA § 7(b)(1), (2); *see Holliday*, 14 Vet.App. at 285.

In reviewing BVA decisions on CUE claims, under 38 U.S.C. § 7252(a) this Court has "the power to affirm, modify, or reverse a decision of the Board, or to remand the matter." This Court does not, however, ***affirm the denial*** of a claim where the appellant has failed to comply with the pleading requirements of the Court; the remedy in such cases is a dismissal. *See* U.S. VET. APP. R. 31(b) ("If an appellant fails to file a brief within the time provided by this rule, . . . the Court, on its own initiative or on motion by the Secretary, may take appropriate action, to include ***dismissal*** of the appeal."). (Such dismissals are without prejudice, but the practical effect of such a dismissal may preclude the refiling of an appeal. *See* 38 U.S.C. § 7266(a) (providing that NOA must be filed

13

within 120 days after the date on which notice of the appealed Board decision is mailed).) Therefore, we conclude that section 5109A(e)'s statement that such cases "shall be decided in the same manner as any other claim" is the functional equivalent of section 7111(e)'s requirement that the Board must decide CUE claims "on the merits".

As stated above, the Federal Circuit, in *DAV v. Gober*, 234 F.3d at 699, held that a CUE claim as to a prior final Board decision could not be ***denied*** for failure to meet pleading requirements, and, indeed, the Secretary in current § 20.1404(b) has addressed this concern in the context of CUE claims as to a prior final ***Board*** decision. In the instant case, however, it appears that the appellant's CUE claims as to a prior final ***RO*** decision may have been ***denied*** for its failure to meet the pleading requirements as set out in *Fugo*, *supra*. *See* part II.D.3., below. Although nothing in *DAV v. Gober* calls into question *Fugo*'s specific-pleading requirements for CUE claims, the Federal Circuit's opinion does make clear that CUE assertions that fail to satisfy pleading requirements must be ***dismissed without prejudice*** to refiling, and may not be denied. *DAV v. Gober*, *supra*. Given the functional equivalence of section 5109A(e) to section 7111(e) in terms of mandating a decision on the merits of a CUE claim, whether asserted as to RO decisions or Board decisions, allowing a CUE claim as to a prior final RO decision to be denied rather than dismissed without prejudice would run counter to the holding of *DAV v. Gober*, *supra*. Indeed, such a result would produce the "absurd result" of treating disparately those claimants collaterally attacking RO decisions and those claimants collaterally attacking BVA decisions. *See United States v. X-Citement Video, Inc.*, 513 U.S. 64, 68-69 (1994); *Green v. Bock Laundry Mach. Co.*, 490 U.S. 504, 509 (1989); *United States v. Am. Trucking Ass'ns, Inc.*, 310 U.S. 534, 543 (1940); *Allen (William) v. Principi*, 237 F.3d 1368, 1375-76 (Fed. Cir. 2001); *Timex V.I., Inc. v. United States*, 157 F.3d 879, 886 (Fed. Cir. 1998); *Thayer v. Principi*, 15 Vet.App. 204, 210 (2001); *Holliday v. Principi*, 14 Vet.App. 280, 285 (2001) (citing precedent regarding need to avoid absurd result when interpreting statute); *Cottle v. Principi*, 14 Vet.App. 329, 334 (2001); *Faust v. West*, 13 Vet.App. 342, 350 (2000); *Trilles v. West*, 13 Vet.App. 314, 324 (2000) (en banc); *Davenport v. Brown*, 7 Vet.App. 476, 483-84 (1995); *Gardner v. Derwinski*, 1 Vet.App. 584, 587 (1991). In order to avoid such absurd results, we thus hold that, to the extent that *Fugo* or any other case of this Court can be read to hold that it is permissible to deny, rather than dismiss without prejudice, a CUE

14

claim as to a prior final RO decision because an appellant failed to meet pleading specifications, such opinions have been overruled by *DAV v. Gober*, *supra*. Following *DAV v. Gober*, the proper remedy for the Board, when confronted with an inadequately plead CUE claim, whether that claim collaterally attacks a Board decision, *see* 38 C.F.R. 20.1404(b) (2002), or an RO decision, *see* 38 C.F.R. § 3.105(a), is to dismiss that challenge without prejudice.

Accordingly, to the extent that the Board decision on appeal denied the claim preclusively basedon pleading insufficiencies, that denial must be set aside as contrary to section 5109A(e) and *DAV v. Gober*, *supra*. This brings us to the language of the January 1998 BVA decision on appeal.

### 3. *Reasons or Bases*

It is a well-established principle that a Board decision must be written with "reasonable clarity". *Gilbert v. Derwinski*, 1 Vet.App. 49, 57 (1990). As noted above, the Board in this case denied the appellant's CUE motion on the grounds that it was "legally insufficient". R. at 10. However, it is not clear whether the Board's denial was based on a pleading insufficiency under *Fugo*, *supra*, or whether the Board attempted, rather inexactly, to address the merits of the appellant's CUE motion. Indeed, the Board decision in this case is, as we described the Board decision in *Luallen v. Brown*, which also addressed an allegation of CUE from a prior final RO decision, "a model of imprecision." *Luallen*, 8 Vet.App. 92, 95 (1995). In *Luallen*, the Court determined that the "imprecision" of the Board decision was "of little significance", because the Court there affirmed the Board decision. *Ibid.* In light of the above discussion, however, we cannot reach the same conclusion here. Indeed, the "imprecision" of the Board decision on appeal could lead to two divergent results, i.e., dismissal without prejudice (if the basis of the decision was a pleading insufficiency) or denial (if the basis of the decision was the merits of the CUE allegation), depending upon the interpretation given to that "imprecision".

It would be pure speculation for us to conclude that the Board did not deny the appellant's claim on the basis of a pleading insufficiency. Rather, because the Board may well have preclusively denied the claim on the basis of a pleading insufficiency, we must vacate the Board decision and remand the matter for compliance with section 5109A(e) and *DAV v. Gober*, *supra*. To do otherwise would be unjust to the appellant because it would place him in what might be construed as a res judicata position because of an ambiguity in the Board's decision. As we explained in *Gilbert*:

"These [Board] decisions ***must contain clear analysis and succinct but complete explanations***. A bare conclusory statement, without both supporting analysis and explanation, is neither helpful to the veteran, nor 'clear enough to permit effective judicial review', nor in compliance with statutory requirements." *Gilbert*, *supra* (emphasis added) (quoting *Int'l Longshoremen's Assoc. v. Nat'l Medication Bd.*, 870 F.2d 733, 735 (D.C. Cir. 1989)); *see also* 38 U.S.C. § 7104(d)(1). On remand, the Board will be mindful that if the basis for the Board's decision is a failure of the appellant to plead CUE with the specificity required by *Fugo*, *supra*, the remedy is dismissal without prejudice, not denial. Furthermore, if the Board adjudicates the appellant's CUE claims on the ***merits***, it must provide a statement of the reasons or bases for that decision that is adequate to enable the appellant to understand the precise basis for that decision and to facilitate review in this Court should that claim be denied. *See* 38 U.S.C. § 7104(d)(1); *Gilbert*, *supra*.

### III. Conclusion

On the basis of the above analysis, the Court vacates the January 1998 Board decision and remands the matter for issuance of a readjudicated decision supported by an adequate statement of reasons or bases, *see* 38 U.S.C. §§ 1110, 7104(a), (d)(1); 38 U.S.C. § 5109A(e); *DAV v. Gober*, *supra*; *Fletcher v. Derwinski*, 1 Vet.App. 394, 397 (1991), all consistent with this opinion, and in accordance with section 302 of the Veterans' Benefits Improvements Act of 1994 (VBIA), Pub. L. No. 103-446, § 302, 108 Stat. 4645, 4658 (found at 38 U.S.C. § 5101 note) (requiring Secretary to provide for "expeditious treatment" for claims remanded by BVA or the Court); *see Vargas-Gonzalez v. Principi*, 15 Vet.App. 222, 225-30 (2001) (holding that VBIA § 302 applies to all elements of a claim remanded by Court or Board), and with all applicable law and regulation. *See Allday*, 7 Vet.App. at 533-34. On remand, the appellant will be free to submit additional evidence and argument on the remanded claim in accordance with *Kutscherousky v. West*, 12 Vet.App. 369, 372-73 (1999) (per curiam order) (concluding that appellant is entitled, until 90 days after Board mails postremand notice to appellant, to submit additional evidence, as appropriate to claim in question, and argument or to request hearing on appeal, at which appellant may submit new evidence and argument), and the Board is required to consider any such evidence and argument. *See Kay v. Principi*, 16 Vet.App. 529, 534 (2002). A remand by this Court or by the Board confers on an

16

appellant the right to VA compliance with the terms of the remand order and imposes on the Secretary a concomitant duty to ensure compliance with those terms. *See Stegall v. West*, 11 Vet.App. 268, 271 (1998). A final decision by the Board following the remand herein ordered will constitute a new decision that, if adverse, may be appealed to this Court only upon the filing of a new NOA with the Court not later than 120 days after the date on which notice of the Board's new final decision is mailed to the appellant. *See Marsh v. West*, 11 Vet.App. 468, 472 (1998).

VACATED AND REMANDED.