GREENE, Chief Judge,
concurring in part and dissenting in part:
I concur with the majority’s holding that, where there is a finding of (1) an in-service event, (2) the existence of a disability at the time a claim for VA disability compensation is filed or during the pen-dency of that claim, and (3) a nexus between the two, a claimant may be granted service connection even though the disability had resolved prior to the Secretary’s adjudication of the claim. I thus agree with the reversal of the Board’s finding *324 that Mr. McClain could not be awarded service connection because he did not manifest current symptoms of a psychiatric disability.
I do not agree, however, with the majority’s interpretation of the Board’s decision regarding the cause of Mr. McClain’s depression. The majority holds: “Based on an October 1995 examination report ... and an August 1997 examination report ... the Board found that the evidence of record reflected that Mr. McClain had been ‘diagnosed with major depression^] which two physicians found to be, at least in part, causally related to his service in Southwest Asia during the Persian Gulf War.’ ” Ante at 322 (quoting R. at 20) (emphasis added). This statement by the Board was not a finding, however, but merely a recitation of the facts. The majority overlooks that, as part of that same paragraph, the Board also discussed the September 2003 VA examination report and stated:
The [2003] examiner noted that he reviewed the veteran’s claims file. That he reviewed the claims file in its entirety is reflected in the examiner’s recitation of the veteran’s history — both the history that was reported to the examiner by the veteran, and also that which the examiner gleaned from his review of the record. Finally, in finding that the veteran does not exhibit major depression as a diagnosis, the examiner explains that the veteran’s previous depressive episode occurred in conjunction with alcohol abuse and at the time he was experiencing his wife leaving, loss of his job, and health problems. These problems have since resolved.
R. at 21 (emphasis added). A review of the record reveals that the September 2003 examination concluded:
The major depression episode that is reflected in [Mr. McClain’s] history occurred in conjunction with alcohol abuse and when his behaviors had resulted in his wife leaving him, and when he was refused employment because of the results of blood tests for drug screening, and when he was having pulmonary problems.
R. at 641. Nothing in the record indicates that Mr. McClain is service connected for pulmonary problems. See R. at 1-771. Although the Board found that the September 2003 examination report was “the most current medical evidence of record” and “highly probative” (R. at 21), its discussion of reasons or bases focused on the matter of current disability and the incorrect conclusion that, regardless of nexus, service connection could not be awarded because Mr. McClain’s depression had resolved. The Board’s statement of reasons or bases was thus insufficient for the Court’s informed review. See Allday v. Brown, 7 Vet.App. 517, 527 (1995).
The majority also relies on the Board’s statement that Mr. McClain’s major depression was “attributed at least in part to his service in the Persian Gulf’ to hold that the Board found that Mr. McClain’s depression was related to service. Ante at 322-23. Read in context, however, the Board’s statement is not a finding. R. at 22. The Board stated:
The veteran asserts that he suffers from a psychiatric disability, claimed as due to an undiagnosed illness as a result of service in the ... Persian Gulf War.... He avers, in the alternative that these symptoms are the result of his active service. However, ... the medical evidence simply does not support this position. Firstly, his psychiatric symptoms have been diagnosed as major depression and personality disorder, not otherwise specified. Thus, there is no undiagnosed illness to warrant grant of service connection. Secondly, his major *325 depression, although attributed at least in part to his service in the Persian Gulf, has been shown by the medical evidence to have resolved. His current diagnosis is of a personality disorder, not otherwise specified. There is therefore no current psychiatric disability manifested which may be service connected.
Id. The Board did not state that it was attributing Mr. McClain’s depression to his service. See id. The Board only referenced, as part of its discussion, that the depression had since resolved and was therefore no longer service connectable, that the depression had previously been attributed to his service in the Persian Gulf. Id. Although the statement is factually correct, the Board still has the duty to assess the credibility and probative weight of evidence. See Washington v. Nicholson, 19 Vet.App. 362, 367-68 (2005); Wood v. Derwinski, 1 Vet.App. 190, 192 (1991).
“The Court is generally precluded from finding facts in the first instance.” Medrano v. Nicholson, 21 Vet.App. 165, 171 n. 1, 2007 WL 1201524 (2007). I disagree with the majority’s determination that the Board’s statement of reasons or bases was sufficiently clear to be understandable and to facilitate review. See Simmons v. Principi, 17 Vet.App. 104, 115 (2003); Allday, 7 Vet.App. at 527; Gilbert v. Derwinski, 1 Vet.App. 49, 56-57 (1990). The Board did not specifically discuss or make any findings concerning the nexus element of Mr. McClain’s claim, and as such the Court should remand the matter for the Board to make that factual determination in the first instance. See Medrano, supra; see also Daves v. Nicholson, 21 Vet.App. 46 (2007) (remand of matter for further adjudication generally is appropriate when statement of reasons or bases is inadequate); Tucker v. West, 11 Vet.App. 369, 374 (1998). Therefore, I respectfully dissent.