KASOLD, Judge,
concurring in part and dissenting in part:
I agree with the majority opinion in so far as it holds that the criteria established in DC 7913 for a 40% disability rating for diabetes are conjunctive and that one of those criteria requires that a claimant’s activities be regulated such that he avoid strenuous occupational and recreational activities. I disagree, however, with the majority’s conclusions that there is a “plausible basis for the Board’s determination that there is no medical evidence that the appellant’s activities are restricted.” See ante at-.
As noted by the majority, 38 C.F.R. § 4.10 (2006) states that the “basis of disability evaluations is the ability ... to function under the ordinary conditions of daily life including employment” and requires VA medical examiners to furnish a “full description of the effects of disability upon the person’s ordinary activity.” Additionally, 38 C.F.R. § 4.1 (2006) requires “accurate and fully descriptive medical examinations ... with emphasis upon the limitation of activity imposed by the disabling condition.” In this instance, the VA medical examiner noted that Mr. Camacho’s diabetes was uncontrolled and that his ability to drive safely had been questioned. The medical examiner opined that it would be safe for Mr. Camacho to continue to work “within the medical center without the responsibility to act as Van driver” and deferred to the VA medical center guidelines with regard to whether it would be safe for him to drive. R. at 117.
Implicit within the VA medical examiner’s opinion that Mr. Camacho could continue to work in a non-driving capacity is that he should not be working in a driving capacity. Further, it certainly raises the obvious question of whether Mr. Camacho should be driving at all, whether for work or recreation. This question should have been answered by the VA medical examiner as required by § 4.10. At a minimum, the Board should have sought clarification, and its failure to do so frustrates judicial review, warranting remand.[1] See 38 *369 C.F.K. § 4.2 (2006) (when an examination report “does not contain sufficient detail, it is incumbent upon the rating board to return the report as inadequate for evaluation purposes”); Bowling v. Principi 15 Vet.App. 1, 12 (2001) (Board has duty to return inadequate examination report); Stegall v. West, 11 Vet.App. 268, 270-71 (1998) (remanding where VA examination was “inadequate for evaluation purposes”); Hicks v. Brown, 8 Vet.App. 417, 421 (1995) (inadequate medical evaluation frustrates judicial review); see also 38 U.S.C. § 7104(d)(1); Allday v. Brown, 7 Vet.App. 517, 527 (1995) (requiring the Board to provide a statement of reasons or bases that enables the claimant to understand the precise basis for the decision and to facilitate review in the Court); Gilbert v. Derwinski 1 Vet.App. 49, 56-57 (1990).
Moreover, inasmuch as the medical examiner was required by regulation to fully describe the effects of Mr. Camacho’s diabetes on his ordinary activities and daily life including employment, his deferral to the VA medical center guidelines with regard to whether it would be safe for Mr. Camacho to drive can only be viewed as an adoption or incorporation into his opinion of the restrictions contained in those guidelines. Otherwise stated, any restrictions in the guidelines became part of the VA medical examiner’s report and therefore constituted medical evidence. Accordingly, the Board also should have addressed the guidelines and whether they impose restrictions on Mr. Camacho’s activities, and further addressed or sought clarification whether a restriction on driving at work for safety reasons due to a medical condition necessarily includes a restriction on driving for recreational reasons, and the Board’s failure to do so frustrates review. See 38 U.S.C. § 7104(d)(1); Allday and Gilbert, both supra.
Similarly, to the extent Mr. Camacho’s supervisor relieved him from driving duties in accordance with the VA medical center guidelines, such action, having been deferred to by the VA medical examiner, was, in effect, the physician’s own recommendation and therefore a medical restriction on Mr. Camacho’s driving (an occupational and daily life activity), thus warranting discussion thereof by the Board. Fenderson v. West, 12 Vet.App. 119, 127 (1999) (“[T]he Board must analyze the credibility and probative value of the evidence, account for the evidence that it finds to be persuasive or unpersuasive, and provide the reasons for its rejection of any material evidence favorable to the veteran.” (citing Caluza v. Brown, 7 Vet.App. 498, 506 (1995), aff'd per curiam, 78 F.3d 604 (Fed.Cir.1996))).
Perhaps most significantly, I also disagree with the majority’s observation that it is not faced with the issue of whether restricting a person from driving because of his insulin dependent diabetes[2] is not a medical restriction when done for safety reasons instead of for the limited purpose of controlling or avoiding an aggravation of *370 his diabetes. See ante at 367. This ignores the predominate, underlying fact that the restriction on the driver is imposed not only for the safety of passengers, but also for the safety of the driver. More specifically, we should not overlook the obvious fact that the restriction in this matter was imposed because of the possibility that Mr. Camacho’s diabetes could contribute to an accident that, logically, might result in injury to persons — including Mr. Camacho. See R. at 117 (medical opinion that it would be safe for Mr. Camacho perform duties other than van driver at the VA medical center); R. at 147 (Mr. Camacho’s testimony that he is working “indoors” at the VA medical center). Furthermore, Mr. Camacho had already been diagnosed with insulin dependent diabetes when he began working in the transportation department of the North Chicago VA Medical Center in 2001.[3] R. at 35-36. That he worked for at least three years with the same condition for which his driving ultimately was restricted indicates the possibility of a change in his condition that the Board should have discussed or for which it should have sought clarification, and which frustrates our proper review. See Allday, supra.
Nothing in statute, VA regulations, or any interpretation provided by the Secretary supports the implicit conclusion of the Board that a restriction for safety reasons imposed because a person has diabetes is somehow not a “regulation of activities” as contemplated by the regulation. Even counsel for the Secretary does not appear to argue this (as opposed to arguing it was not a restriction recommended by a medical provider), but to the extent one may interpret the briefing otherwise, the litigating position of counsel is not the type of agency decision-making that warrants deferral by the Court. See Martin v. Occupational Safety & Health Review Comm’n, 499 U.S. 144, 156, 111 S.Ct. 1171, 113 L.Ed.2d 117 (1991) (“ ‘Litigating positions’ are not entitled to deference when they are merely appellate counsel’s ‘post hoc rationalizations’ for agency action, advanced for the first time in the reviewing court.”).

. Indeed, the majority’s observation that the VA medical examiner was silent with regard to non-duty driving highlights the Board’s failure to seek clarification, as well as the inadequacy of the Board's statement of reasons or bases. Moreover, although the majority correctly note that Mr. Camacho did not specifically argue that the medical opinion was inadequate, that does not change the fact that the Board should have sought clarification of the opinion, at a minimum, and that its failure to do so renders the Board's statement of reasons or bases inadequate and therefore not facilitative of review, thus warranting remand. See Allday v. Brown, 7 Vet.App. 517, 527 (1995) (holding that the Board’s statement of reasons or bases “must be adequate to enable a claimant to under *369 stand the precise basis for the Board's decision, as well as to facilitate review in this Court”). Our inability to properly review the Board decision stands as a separate basis for remand and is, by definition, independent of any arguments presented by the parties. See Simmons v. Principi, 17 Vet.App. 104, 115 (2003) (remanding where the Board’s decision is not clear enough to permit effective judicial review).

. The August 3, 2004, letter from Stephanie D’Angelo, the North Chicago VA Medical Center's Employee Health Clinic Manager, states: "Recently a Motor Vehicle Operator physical was performed. Due to his insulin dependent diabetes, [Mr. Camacho] is disqualified from driving patients.” R. at 113.

. A 2001 VA Compensation and Pension Examination report reflects that Mr. Camacho was diagnosed with insulin dependent diabetes and that he began using insulin after a diabetic pill was determined to be ineffective in 1996. R. at 35.