Citation Nr: 1438762 
Decision Date: 08/29/14 Archive Date: 09/03/14

DOCKET NO. 14-21 239 ) DATE
 )
 )


THE ISSUE

Whether clear and unmistakable error (CUE) is present in a May 2, 2008, Board decision which denied service connection for a lumbosacral spine disorder, to include degenerative disc disease, spondylolisthesis and spondylolysis.

(The issues of whether new and material evidence has been submitted to reopen a claim for service connection for a lumbosacral spine disability and entitlement to service connection for fibromyalgia, chronic fatigue syndrome, and hypertension are the subjects of a separate Board action.)


REPRESENTATION

Moving party represented by: Veterans of Foreign Wars of the United States


ATTORNEY FOR THE BOARD

P. Olson, Counsel



FINDINGS OF FACT

1. The Veteran in this case served on active duty from January 1983 to December 1985.

2. The Veteran has not adequately set forth allegations of clear and unmistakable error in a previous May 2, 2008, Board decision, the legal or factual basis for such allegations of error, and why the result would have been manifestly different but for the errors.


CONCLUSION OF LAW

Because the pleading requirements for a motion for revision of a decision based on clear and unmistakable error have not been met, the motion must be dismissed without prejudice to refiling. 38 C.F.R. § 20.1404(b) (2013).


REASONS AND BASES FOR FINDINGS AND CONCLUSION

The Veterans Claims Assistance Act of 2000 (VCAA) enhanced VA's duty to notify and assist claimants in substantiating a claim for VA benefits, as codified in pertinent part at 38 U.S.C.A. §§ 5103 , 5103A, 5107, 5126 (West 2002 & Supp. 2013); 38 C.F.R. §§ 3.102 , 3.159, 3.326(a) (2013). Regarding claims of CUE, however, the U.S. Court of Appeals for Veterans Claims (Court) has held that the notice and development provisions of the VCAA do not apply. Livesay v. Principi, 15 Vet. App. 165, 178 (2001) (en banc); Simmons v. Principi, 17 Vet. App. 104, 109 (2003). 

The moving party seeks revision on the basis of CUE of a May 2, 2008, Board decision which denied service connection for a lumbosacral spine disorder.

A motion for revision of a Board decision based on CUE must set forth clearly and specifically the alleged clear and unmistakable error, or errors, of fact or law in the Board decision, the legal or factual basis for such allegations, and why the result would have been manifestly different but for the alleged error. Nonspecific allegations of failure to follow regulations or failure to give due process, or any other general, non-specific allegations of error, are insufficient to satisfy this requirement. Motions which fail to comply with the requirements set forth in this paragraph shall be dismissed without prejudice to refiling. 38 C.F.R. § 20.1404(b) (2013).

In the implementing regulation, CUE is defined as a very specific and rare kind of error, of fact or law, that when called to the attention of later reviewers compels the conclusion, to which reasonable minds could not differ, that the result would have been manifestly different but for the error. Generally, either the correct facts, as they were known at the time, were not before the Board, or the statutory and regulatory provisions extant at the time were incorrectly applied. 38 C.F.R. § 20.1403(a). 

A determination of CUE in a prior Board decision must be based on the record and the law that existed when that decision was made. 38 C.F.R. § 20.1403(b)(1). To warrant revision of a Board decision on the grounds of CUE, there must have been an error in the Board's adjudication of the appeal which, had it not been made, would have manifestly changed the outcome when it was made. If it is not absolutely clear that a different result would have ensued, the error complained of cannot be CUE. 38 C.F.R. § 20.1403(c). 

Examples of situations that are not CUE are (1) a new medical diagnosis that "corrects" an earlier diagnosis considered in a Board decision; (2) the Secretary's failure to fulfill the duty to assist, or; (3) a disagreement as to how the facts were weighed or evaluated. 38 C.F.R. § 20.1403(d). The mere misinterpretation of facts does not constitute CUE. Thompson v. Derwinski, 1 Vet. App. 251, 253 (1991). Moreover, the error must be one that would have manifestly changed the outcome at the time that it was made. Kinnaman v. Derwinski, 4 Vet. App. 20, 26 (1993). The "benefit of the doubt" rule of 38 U.S.C.A. 5107(b) does not apply to a Board decision on a motion to revise a Board decision due to CUE. 38 C.F.R. § 20.1411(a). 

In the present case, the Veteran has failed to set forth clearly and specifically the alleged clear and unmistakable error or errors of fact or law within the May 2008 Board decision, the legal and factual basis for such allegations, and why the result would have been manifestly different but for the alleged error. See 38 C.F.R. § 20.1404(a), (b). 

Rather, the Veteran's October 2009 motion alleges that the service medical records were either not received at the time when the decision was made or they were part of the claims file at the time the decision was made and were overlooked by all parties involved in the VA's decision process. 

In this case, the Board specifically sites to service treatment records and treatment for spasm of the paravertebral muscles in June 1983, impression of status post acute lumbosacral strain in October 1983, complaints of chronic low back pain in January 1984, impression of idiopathic scoliosis and mechanical lower back pain in February 1985, impression of mechanical low back pain in September 1985, and numerous complaints of low back pain attributed to kidney stones. As the Board clearly had access to the Veteran's service treatment records at the time of its decision, in essence, the moving party takes issue with how the evidence was considered and weighed by the Board in 2008, which cannot serve as the basis of a valid CUE claim. 38 C.F.R. § 20.1403(d). In addition, the Veteran has failed to explain why the result would have been manifestly different but for the error.

Because the moving party's motion fails to comply with the requirements set forth in 38 C.F.R. § 20.1404(b), the motion is dismissed without prejudice.



ORDER

The motion is dismissed without prejudice to refiling.




 ____________________________________________
 CHERYL L. MASON
 Veterans Law Judge, Board of Veterans' Appeals


Only a final decision of the Board of Veterans' Appeals may be appealed to the United States Court of Appeals for Veterans Claims. 38 U.S.C.A. § 7252 (West 2002); Wilson v. Brown, 5 Vet. App. 103, 108 (1993) ("A claimant seeking to appeal an issue to the Court must first obtain a final BVA decision on that issue.") This dismissal under 38 C.F.R. § 20.1404(b) (2013) is not a final decision of the Board. 38 C.F.R. § 20.1409(b) (3). This dismissal removes your motion from the Board's docket, but you may refile the motion at a later date if you wish.