**UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS**

No. 00-1889

DAVID PARKER , APPELLANT,

V.

ANTHONY J. PRINCIPI,
SECRETARY OF VETERANS AFFAIRS, APPELLEE.

On Appeal from the Board of Veterans' Appeals

(Decided   January 28, 2002  )

*Daniel G. Krasnegor*, of Washington, D.C., was on the pleadings for the appellant.

*John H. Thompson*, Acting General Counsel; *Ron Garvin*, Assistant General Counsel; *Darryl A. Joe*, Acting Assistant General Counsel; and *Barbara J. Finsness*, all of Washington, D.C., were on the pleading for the appellee.

Before FARLEY, IVERS, and GREENE, *Judges*.

IVERS, *Judge*:  The veteran appeals from the September 7, 2000, decision of the Board of Veterans' Appeals (BVA or Board) that: (1) Denied entitlement to a rating in excess of 30% for service-connected interstitial lung disease;  (2) denied service connection for nicotine dependence; and (3) determined that there was no clear and unmistakable error (CUE) in the March 8, 1979, VA regional office (RO) decision that denied service connection for the residuals of smoke inhalation. The Court's jurisdiction to review this matter is established by 38 U.S.C. § 7252.

The Court notes that it is procedurally significant that the Secretary filed a motion for a remand of all matters on appeal addressed herein.  The veteran responded, and agreed with the Secretary without argument as to the increased rating and CUE matters.  The veteran argued that the Board should be reversed concerning his claim for service connection for nicotine dependence.   For the reasons contained herein, the Court will deny the Secretary's motion for remand, and will vacate in part and affirm in part the Board's September 2000 decision.

## I. FACTS

Veteran Parker served in the Navy from August 1962 to December 1968, and in the Air Force from November 1971 to November 1978. Record (R.) at 300, 547. His claim for service connection for residuals of smoke inhalation, R. at 320, was denied by the RO in March 1979. R. at 342. He did not appeal the decision and it became final. *See* R. at 531. In May 1987, the veteran submitted medical records and a written statement in support of a claim for service connection for lung disease. R. at 391-448. In August 1990, the RO received a letter written by a private physician who was treating the veteran for chronic obstructive pulmonary disease (COPD). R. at 452-53. The physician stated that the COPD "was likely caused by cigarette smoking." *Id.*

In September 1996, the veteran filed a request for reevaluation of his lung condition based on his understanding that his doctor had identified, in August 1996, asbestos-related trauma to his lungs. R. at 456. The report from an October 1996 VA medical examination of the veteran's respiratory system confirmed asbestos exposure, and noted that the veteran had smoked two packs of cigarettes per day for 26 years, but the report drew no conclusions concerning nicotine dependence. R. at 461-62. In December 1997, the RO granted service connection for interstitial lung disease secondary to asbestos exposure and assigned an initial disability rating of 30%, effective September 1996. R. at 665-67. The decision noted that the veteran had been diagnosed with COPD secondary to smoking, with a mild element of emphysema. *Id.*

In response to the December 1997 RO decision, the veteran amended his claim to include service connection for COPD and for emphysema secondary to in-service nicotine dependence, and alleged CUE in the March 1979 RO decision. R. at 669. In January 1998, he submitted a statement that, among other things, revealed that he had smoked briefly prior to service. R. at 681. In February 1998, a private physician who had examined the veteran opined that the veteran's "obstructive airways disease [was] related to smoking." R. at 691. The physician stated further that the veteran "was as likely as not to have been nicotine dependent while in the military." *Id.*

In a June 1998 decision, the RO denied the veteran's claim for service connection for nicotine dependance acquired in service, continued the 30% rating for interstitial lung disease, and found no CUE in the March 1979 rating decision. R. at 700. The veteran filed a Notice of Disagreement (NOD) that same month, specifying that he disagreed with each of the above determinations. R. at

2

707. With regard to nicotine dependence, he testified at a personal hearing that he had smoked minimally prior to service, and that he first "got hooked" on cigarettes in service. R. at 727, 729-80. In October 1998, a VA lung pulmonary examination resulted in diagnoses of COPD and asbestos exposure with pleural plaques. R. at 745-46. In the examination report and its addendum, the examining physician did not render an opinion regarding the etiology of the COPD. R. at 746, 770.

In the decision on appeal, the Board concluded that: (1) The criteria for an initial evaluation in excess of 30% for interstitial lung disease had not been met; (2) the veteran did not incur nicotine dependence in service; and (3) the March 1979 RO decision did not contain CUE. R. at 3. With respect to nicotine dependence, the Board noted that "the determination of whether a veteran is dependent on nicotine is a medical issue." R. at 12. The Board provided its analysis concerning nicotine dependence with respect to the veteran, observing that *no medical evidence or opinion* in the record established he had become nicotine dependent while in the service. R. at 11-12. The Board concluded that a preponderance of the evidence, presumably the absence of medical evidence in combination with the Board's own analysis, was against a finding that the veteran became nicotine dependent while in the service. *Id*.

## II. ANALYSIS

### A. Increased Rating for Interstitial Lung Disease

The Court reviews a Board determination concerning an initial disability evaluation (or rating) under the "clearly erroneous" standard of review. *Fenderson v. West*, 12 Vet.App. 119, 125-26 (1999). Factual findings by the Board will not be overturned by this Court unless they are "clearly erroneous." 38 U.S.C. § 7261(a)(4); *Gilbert v. Derwinski*, 1 Vet.App. 49, 53 (1990). Under the "clearly erroneous" standard, "if there is a 'plausible' basis in the record for the factual determinations of the BVA, even if this Court might not have reached the same factual determinations, [the Court] cannot overturn them." *Id.* at 53.

The Board's factual findings must be based on "all evidence and material of record." 38 U.S.C. § 7104(a). The Board must provide a "written statement of [its] findings and conclusions, and the reasons or bases for those findings and conclusions, on all material issues of fact and law presented on the record." 38 U.S.C. §7104(d)(1); *see Gilbert*, 1 Vet.App. at 56-57. The Board's decision "must contain clear analysis and succinct but complete explanations," that is, more than a

"bare conclusory statement." *Id*. at 57.

With respect to the veteran's interstitial lung disease, the Court cannot determine whether the Board correctly determined that the 30% rating was proper. This is so primarily because, as is explained in the following section, the Board has failed to adequately consider the veteran's claims related to nicotine dependence. The Board's discussions of interstitial lung disease and of nicotine dependence each refer to respiratory symptomatology, such as shortness of breath, pulmonary disorders, and bronchial spasms. R. at 5, 10. Without more clarification of the delineation between the veteran's asbestos-related lung or respiratory ailments and his possible nicotine-dependence-related lung or respiratory ailments, the Board's decision lacks adequate reasons or bases for the Court to review its conclusions. *Gilbert*, *supra*.

Furthermore, the enactment of the Veterans Claims Assistance Act of 2000 (VCAA), Pub. L. No. 106-475, 114 Stat. 2096 (Nov. 9, 2000), an act of Congress that modified parts of subchapter I of chapter 51 of title 38, United States Code, concerning VA claim processing, may affect the development of evidence with respect to determination of the appropriate rating for the veteran's interstitial lung disease. *See* 38 U.S.C. §§ 5103 and 5103A (West Supp. 2001) (addressing duties to notify and assist those claiming veterans' benefits). It is not the function of this Court to determine in the first instance which version of a law is most favorable to a claimant. *Baker v. West*, 11 Vet.App. 163 (1998); *see generally Karnas v. Derwinski*, 1 Vet.App. 308, 312-13 (1991) (when law or regulation changes after claim has been submitted, but before administrative or judicial appeal process has been concluded, law that is most favorable to claimant must be applied). Accordingly, for inadequate reasons or bases and in light of the provisions of the VCAA, a remand of this matter is required.

### B. Nicotine Dependence

As noted in the previous section of this decision, the Court cannot proceed with a review of an appeal from a Board decision if the Board's analysis is incomplete or unclear. See *Gilbert*, 1 Vet.App. at 56-57; 38 U.S.C. §7104(d)(1). We cannot proceed to review the decision on appeal because the Board failed to address medical evidence that the veteran's COPD was likely a result of cigarette smoking, R. at 452-53, and a VA medical examination that acknowledged cigarette smoking for 26 years without opining on the relationship of the smoking, if any, to the veteran's lung

4

disease, R. at 461-62.

Moreover, the Court notes that the Board, in addressing the onset of the veteran's nicotine dependence, should have analyzed the medical evidence in the record regarding onset. Rather, the Board provided its own medical analysis. *See* R. at 11; *see also ZN v. Brown*, 6 Vet.App. 183, 194-95 (1994). Citing a precedential opinion of the VA General Counsel, the Board stated that although the determination of nicotine dependence is a medical issue, the determinination of when nicotine dependence arose is a matter of fact. R. at 11. The Board then concluded that the veteran did not develop nicotine dependence in service. *Id.*

In the precedential opinion cited by the Board, the General Counsel opined that determining whether nicotine dependence is the *proximate cause* of a disability or death for which service connection is sought is "basically [a determination] of fact." VA Gen. Coun. Prec. 19-97 (May 13, 1997) (emphasis added). As to whether nicotine dependence first occurred during service, a reasonable interpretation of paragraph 5 of the precedential opinion is that onset is a medical issue. Paragraph 5 provides criteria from a medical diagnostic manual that are generally used for diagnosing nicotine dependence, but it neither implies nor instructs that an RO adjudicator should determine the onset of nicotine dependence without supporting medical evidence. On remand, the Board should consider whether additional medical evidence is required to support a conclusion concerning the onset of the veteran's nicotine dependence.

The veteran has argued that the Court should reverse the Board's denial of service connection for the veteran's disabilities secondary to nicotine dependence. The Court finds, however, that the evidence of record does not establish that reversal is the appropriate remedy. This is not a case of uncontroverted evidence in favor of the veteran, the sort of evidence that could result in a reversal. *See Hicks v. Brown*, 8 Vet.App. 417, 422 (1995). Neither the Board nor the veteran has pointed to conclusive evidence concerning the onset of the veteran's nicotine dependence. The veteran has acknowledged that he smoked for some period while he was in high school, before going into the service. R. at 681, 729-30. A medical examiner concluded that it was as likely as not that the veteran was nicotine dependent while in the service. R. at 691. This evidence leaves open the question of the onset of his nicotine dependence.

The veteran has also asserted that the Secretary has not rebutted the presumption of

soundness, which would afford him the presumption that he was not nicotine dependent upon his entry into the service. This a novel issue, and one that was not raised to the Board. The Court will not address this argument since it should first be considered by the Board on remand. *See Maggitt v. West*, 202 F.3d 1370, 1377-79 (Fed. Cir. 2000).

## C. Clear and Unmistakable Error

When reviewing a decision by the Board as to whether an RO decision was a result of CUE, this Court must determine whether the Board's decision was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law," 38 U.S.C. § 7261(a)(3)(A), and whether the Board stated adequate reasons or bases for its conclusions, 38 U.S.C. § 7104(d)(1). *See Livesay v. Principi*, 15 Vet.App. 165, 174 (2001) (en banc); *Russell v. Principi*, 3 Vet.App. 310, 315 (1992) (en banc). CUE is the kind of error, of fact or law, that, when called to the attention of later reviewers, compels the conclusion, on which reasonable minds could not differ, that the result would have been manifestly different but for the error. *Livesay*, *supra*; *Fugo v. Brown*, 6 Vet.App. 40, 43 (1993) (valid CUE claim requires some degree of specificity as to what the alleged error is). A determination concerning CUE is made based on the facts and the law that existed at the time that the challenged decision was made. *Livesay*, *supra*.

The Board reviewed the evidence that was before the RO at the time of the March 1979 decision, including relevant service medical records and a January 1979 VA medical examination report concerning the veteran's respiratory system. R. at 14-15; *see* R. at 325 (no indication of respiratory system abnormality), 333, 335-36 (normal lung volumes, diffusion capacity, and arterial blood gasses). The Board also noted the relevant law in effect in March 1979. R. at 13. The Board observed that the veteran had set forth several arguments for a finding of CUE in the RO decision, but had not explained what evidence was not before the RO, or what law was not correctly applied to result in CUE. R. at 15.

The Board found that the veteran merely disagreed with how the facts were weighed in 1979, and that he had not identified any error in the RO's application of the law. Noting that it was not clear that the veteran had even established a valid claim of CUE, *see Fugo*, *supra*, the Board concluded that its review of the record and the law extant at the time of the March 1979 RO decision

6

showed no CUE in that decision.  R. at 16.

The Court holds that the Board's determination that the March 1979 RO decision did not contain CUE was not "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law," and that the Board provided an adequate statement of reasons or bases for its determination. *See Livesay* and *Russell*, both *supra*.  Although the Secretary filed a motion, with which the veteran agreed, seeking a remand for readjudication of the CUE question in light of the enactment of the VCAA, the basis for the motion has no merit following this Court's decision in *Livesay*, *supra*.  In *Livesay*, the Court found that the VCAA is not applicable to CUE matters. *Livesay*, 15 Vet.App. at 178-79.

### III.  CONCLUSION

Accordingly, upon consideration of the record and the pleadings filed for this appeal, and for the reasons stated herein, the Secretary's motion for remand is denied, and the part of the September 7, 2000, BVA decision that determined that there was no CUE in the March 8, 1979, RO decision is AFFIRMED.  The parts of the September 2000 BVA decision that denied entitlement to a rating in excess of 30% for service-connected interstitial lung disease, and denied service connection for nicotine dependence are VACATED, and those matters are REMANDED for readjudication.