# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 01-1659

JOE A. MITCHELL,                                                    APPELLANT,

   V.

ANTHONY J. PRINCIPI,
SECRETARY OF VETERANS AFFAIRS,                       APPELLEE.

Before KRAMER, *Chief Judge*, and IVERS and STEINBERG, *Judges*.

## O R D E R

On December 15, 2003, in a single-judge decision, the Court affirmed an August 29, 2001, decision of the Board of Veterans' Appeals that denied entitlement to compensation under 38 U.S.C. § 1151 for a disability causing numbness and weakness of the left arm, with constant pain in the neck and left shoulder, which the appellant had claimed was the result of surgery performed by VA in 1980. On January 2, 2004, the appellant, with the assistance of counsel, filed a timely motion for reconsideration or, in the alternative, a panel decision.

Upon consideration of the foregoing, the record on appeal, and the parties' prior pleadings, it is

ORDERED, by the single judge, that the motion for reconsideration is denied. It is

ORDERED, by the panel, that the motion for a panel decision is denied.

DATED: April 7, 2004                              PER CURIAM.

KRAMER, *Chief Judge*, concurring: I concur in the denial of the appellant's alternative motion for a panel decision. However, I write separately to explicate the reason why I believe that the August 29, 2001, Board of Veterans' Appeals (Board or BVA) decision should be affirmed.

At the time relevant to this appeal, 38 U.S.C. § 1151 provided, in pertinent part:

Where any veteran shall have suffered an injury, or an aggravation of an injury, as the result of hospitalization, medical or surgical treatment . . . and not the result of such veteran's own willful misconduct, and such injury or aggravation results in additional disability to or the death of such veteran, disability or death compensation . . . shall

be awarded in the same manner as if such disability, aggravation, or death were service-connected.

38 U.S.C. § 1151 (1996). In 1996, that provision's implementing regulation provided, in relevant part:

> (c) *Cause*. In determining whether such additional disability resulted from a disease or an injury or an aggravation of an existing disease or injury suffered as a result of . . . medical or surgical treatment . . . , the following considerations will govern:
>
> . . . .
>
> (3) Compensation is not payable for the necessary consequences of medical or surgical treatment or examination properly administered with the express or implied consent of the veteran . . . . "Necessary consequences" are those which are certain to result from, or were intended to result from, the . . . medical or surgical treatment administered. Consequences otherwise certain or intended to result from a treatment will not be considered uncertain or unintended solely because it had not been determined at the time consent was given whether that treatment would in fact be administered.

38 C.F.R. § 3.358(c)(3) (1996). Thus, under this statutory and regulatory scheme, an additional disability or an aggravation of an existing condition that arose from, inter alia, medical or surgical treatment may be compensable only where that additional disability or aggravation of an existing condition was uncertain or unintended "to result from . . . the . . . medical or surgical treatment administered." *Id*. A Board determination regarding entitlement to compensation under § 1151 is a finding of fact that the Court reviews under the "clearly erroneous" standard. 38 U.S.C. § 7261(a)(4); *see Look v. Derwinski*, 2 Vet.App. 157, 161-62 (1992). Under this standard of review, the Court may "hold unlawful and set aside [a finding of material fact made by the BVA in reaching a decision] . . . if the finding is clearly erroneous," 38 U.S.C. § 7261(a)(4); the Court may not overturn a Board fact determination where there is a "plausible basis in the record" for it. *Mariano v. Principi*, 17 Vet.App. 305, 313 (2003); *Pentecost v. Principi*, 16 Vet.App. 124, 129 (2002); *Parker v. Principi*, 15 Vet.App. 407, 410 (2002). Moreover, the outcome of the Board's application of the equipoise standard found in 38 U.S.C. § 5107(b) is a factual determination that the Court reviews under the "clearly erroneous" standard. *Mariano, supra*; *see* 38 U.S.C. §§ 5107(b), 7261(b)(1).

In the instant case, I cannot conclude, based on the evidentiary record, that the Board's finding that "the preponderance of evidence in this case clearly outweighs [one doctor's] assertions [that the appellant's condition worsened after the 1980 surgery] and establishes that the VA surgery

2

of February 1980 did not result in any additional disability" (Record (R.) at 19) is clearly erroneous. *See* 38 U.S.C. §§ 5107(b), 7261(a)(4), (b)(1); *Mariano*, *supra*. Specifically, Dr. Armin Haerer's November 1995 report (R. at 108) reflects that the appellant's symptomatology may have indicated the possibility of a worsening of his condition that was not a certain result of his 1980 hemilaminectomy; however, Dr. Haerer's August 1997 report (Supplemental (Supp.) R. at 1-2) reflects his categorical opinion that the appellant's condition had not worsened as a result of the 1980 surgery. Further, Dr. Padma Surapaneni's August 1997 report (Supp. R. at 3-6) essentially reflects that the appellant's condition had not worsened as a result of the 1980 surgery. In contrast, Dr. Charles A. Ozborn's November 1997 opinion reflects that the appellant's condition had worsened as a result of the 1980 surgery but that that result was "expected in some selected patients" with degenerative disc disease. R. at 317. Further, Dr. Ozborn's May 1998 opinion essentially reflects his opinion that the appellant's condition may have worsened as a result of the 1980 surgery and, in his July 1999 opinion, Dr. Ozborn opined that the appellant "had worsening of his condition following [his 1980] surgery" and that worsening from surgery "would not be expected." R. at 362. The Court notes, however, that the July 1999 opinion does not reflect the causation of any worsening in the appellant's condition. Last, Drs. Haerer and Swamy, in October 1999, opined that the appellant's condition had not worsened as a result of the surgery. R. at 366-67.

Hence, in light of the fact that, of those eight medical opinions, only one (Dr. Haerer's November 1995 report) could have provided the evidence necessary under § 1151 for compensation, the Board's finding that the evidence preponderated against a finding of entitlement to compensation under § 1151 was supported by a plausible basis in the record and, therefore, is not clearly erroneous. *See* 38 U.S.C. § 7261(a)(4), (b)(1); *Mariano, supra*.

STEINBERG, *Judge*, concurring: I agree with the analysis in Chief Judge Kramer's concurring statement.