Citation Nr: 1508839 
Decision Date: 02/27/15 Archive Date: 03/11/15

DOCKET NO. 11-06 503 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Houston, Texas


THE ISSUE

Whether a December 10, 1992 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Houston, Texas that denied service connection for bilateral hearing loss should be revised or reversed on the basis of clear and unmistakable error (CUE).


ATTORNEY FOR THE BOARD

P. Wirth, Associate Counsel


INTRODUCTION

The Veteran served on active duty from August 1970 to November 1991.

This appeal comes before the Board of Veterans' Appeals (Board) from an August 2008 rating decision of the Houston RO that denied a general claim for revision or 

reversal of unspecified rating decisions that denied multiple claims for service connection on the basis of CUE. 

In a September 2008 Notice of Disagreement, the Veteran did not identify the rating decisions and specific errors, but listed 19 disorders for which he sought service connection, including bilateral hearing loss. In December 2010, the RO requested that the Veteran specify the decisions, issues, and errors, but the Veteran responded with a listing of more than 19 disorders and situations where he allegedly was exposed to hazards during service. In a January 2011 conference, the RO advised the Veteran that consideration on appeal would be given to those claims that had been decided adversely and that all other claimed disorders would be treated as new claims. Accordingly, the RO issued a Statement of the Case in February 2011 on the previously denied issues that, in relevant part, found there was no CUE in denial of service connection for bilateral hearing loss. The Veteran perfected a timely appeal as to all of the claims the same month (VA Form 9) and did not request a hearing before the Board. The RO addressed the new claims in a December 2013 rating decision that is not before the Board on appeal. 

In May 2014, the Board issued a decision that found there was no CUE in the denial of service connection for nine of the Veteran's claims, but remanded the issue of CUE in a December 10, 1992 RO rating decision that denied service connection for bilateral hearing loss. The Board remanded the claim to have the RO associate the actual audiometric findings from a July 1992 VA audiology examination with the Veteran's claims file.

In June 2014, the RO requested the July 1992 audiometric findings from the VA medical center where the examination was performed, but received a response in July 2014 that no records are available for the timeframe requested. The RO informed the Veteran of the negative response and requested that he submit the July 1992 VA examination if he had it in his possession. The Veteran did not respond. Accordingly, in December 2014, the RO furnished a Supplemental Statement of the Case that continued to find there was no CUE in the December 10, 1992 decision. The appeal has been returned to the Board for appellate review. 
 
In June 2009, the Veteran designated an attorney as representative. In August 2009, the representative advised the RO that the Veteran had revoked the authorization for representation. In documents submitted on many occasions, the Veteran indicated that he is receiving assistance from an "anonymous agent," but he has not properly designated a Veterans Service Organization, accredited agent, or other individual as representative. Therefore, the Board will proceed with the Veteran not represented.

This appeal was processed using the Veterans Benefits Management System (VBMS) paperless claims processing system. The Board notes that, in addition to the VBMS claims file, there is a separate electronic Virtual VA claims file associated with this claim. A review of the Virtual VA claims file reveals that the documents are either duplicative of the evidence in the VBMS claims file or are irrelevant to the issue on appeal. 


FINDING OF FACT

The correct facts, as they were known to the RO on December 10, 1992 were considered, and the statutory or regulatory provisions extant at the time were correctly applied in the denial of service connection for bilateral hearing loss.


CONCLUSION OF LAW

The December 10, 1992 RO rating decision that denied service connection for bilateral hearing loss is final and is not based on CUE. 38 U.S.C.A. §§ 1110, 1112, 1131, 1137 (West 1991), 5109A (West 2014), 7105 (West 1991); 38 C.F.R. §§ 3.102, 3.104(a), 3.105(a), 3.160(d), 3.303, 3.307, 3.309, 20.302 (1992).


REASONS AND BASES FOR FINDING AND CONCLUSION

VA has a duty to notify and assist claimants in substantiating a claim for VA benefits. 38 U.S.C.A. §§ 5100, 5102, 5103, 5103A, 5107, 5126 (West 2014); 38 C.F.R. §§ 3.102, 3.156(a), 3.159, 3.326(a) (2014). In this case, notice is not required because the issue presented involves a motion for review of a prior final RO decision on the basis of CUE. See Parker v. Principi, 15 Vet. App. 407 (2002). 
Also, notwithstanding the RO's unsuccessful attempt at obtaining another copy of the actual audiometric findings from the July 1992 VA audiology examination, upon further review, the Board has located the July 1992 audiometric findings in the Veteran's claims file. The findings were actually among the Veteran's lab results. 

The Veteran served as a U.S. Army accountant and material control clerk, and retired at the rank of Sergeant First Class. He contended in a June 2008 claim, a September 2008 Notice of Disagreement, and throughout the pendency of his claim that the final RO decision in December 10, 1992 that denied service connection for bilateral hearing loss contained CUE because the results of audiometric testing, presumably from the Veteran's October 1991 retirement examination, revealed auditory thresholds of 40 decibels at 6000 Hertz in the right ear, and 35 decibels at 4000 Hertz and 50 decibels at 6000 Hertz in the left ear. 

A decision of the RO becomes final if the appellant does not express disagreement or submit new and material evidence within one year. 38 U.S.C.A. § 7105 (West 1991); 38 C.F.R. § 3.104(a), 3.105(b), 3.156(b), 3.160(d), 20.302 (1992). 

Once a decision of the RO becomes final, the decision can be reversed or amended when evidence establishes CUE error was made in the adjudication. 38 U.S.C.A. § 5109A (West 2014); 38 C.F.R. § 3.105(a) (1992). For CUE to exist:

(1) [e]ither the correct facts, as they were known at that time, were not before the adjudicator (i.e., more than a simple disagreement as to how the facts were weighed or evaluated), or the statutory or regulatory provisions extant at the time were incorrectly applied,

(2) the error must be undebatable and of the sort which, had it not been made, would have manifestly changed the outcome at the time it was made, and

(3) a determination that there was CUE must be based on the record and law that existed at the time of the prior adjudication in question.
 
Damrel v. Brown, 6 Vet. App. 242, 245 (1994) (quoting Russell v. Principi, 3 Vet. App. 310, 313-14 (1992)).

"Clear and unmistakable error is an administrative failure to apply the correct statutory and regulatory provisions to the correct and relevant facts: it is not mere misinterpretation of facts." Oppenheimer v. Derwinski, 1 Vet. App. 370, 372 (1991). To constitute CUE, errors must be "undebatable, so that it can be said that reasonable minds could only conclude that the original decision was fatally flawed at the time it was made." Russell, 3 Vet. App. at 313-14. "It must always be remembered that CUE is a very specific and rare kind of 'error.'" Fugo v. Brown, 6 Vet. App. 40, 43 (1993). A simple disagreement with how the RO evaluated the facts is not sufficient to raise a valid claim of CUE. Luallen v. Brown, 8 Vet. App. 92, 94 (1995).

Breach of duty to assist in development of the claim cannot serve as a basis for claiming CUE. Roberson v. Principi, 251 F.3d 1378, 1384 (Fed. Cir. 2001); Crippen v. Brown, 9 Vet. App. 412, 424 (1996); Caffrey v. Brown, 6 Vet. App 377, 383-84 (1994). 

A claim of CUE is a collateral attack on an otherwise final rating decision by a VA regional office. As such, there is a presumption of validity that attaches to a final decision, and when such a decision is collaterally attacked the presumption becomes even stronger. Fugo, 6 Vet. App. at 44. Therefore, a claimant who seeks to obtain retroactive benefits based on CUE has a much heavier burden than that placed on a claimant who seeks to establish prospective entitlement to VA benefits. See Akins v. Derwinski, 1 Vet. App. 228, 231 (1991).

The following legal criteria were extant at the time of the December 10, 1992 RO decision. 

Service connection will be granted if it is shown that the veteran suffers from a disability resulting from personal injury or for aggravation of a preexisting injury or disease contracted in the line of duty during active military service. 38 U.S.C.A. §§ 1110, 1131 (West 1991); 38 C.F.R. § 3.303 (1992). Disorders diagnosed after discharge will still be service connected if all the evidence, including that pertinent to service, establishes that the disease was incurred in service. 38 C.F.R. § 3.303(d) (1992).

To establish service connection, there must be: (1) a medical diagnosis of a current disability; (2) medical or, in certain cases, lay evidence of in-service occurrence or aggravation of a disease or injury; and (3) medical evidence of a nexus between an in-service injury or disease and the current disability. Hickson v. West, 12 Vet. App. 247, 252 (1999) (citing Caluza v. Brown, 7 Vet. App. 498, 506 (1995), aff'd, 78 F.3d 604 (Fed. Cir. 1996)). In the absence of proof of a present disability there can be no valid claim. Brammer v. Derwinski, 3 Vet. App. 223, 225 (1992). 

Where a veteran has served for 90 days or more during a period of war, or during peacetime service after January 1, 1947, and a chronic disorder becomes manifest to a degree of 10 percent within one year from the date of termination of such service, the disease shall be presumed to have been incurred in service, even though there is no evidence of such disease during the period of service. This presumption is rebuttable by affirmative evidence to the contrary. As applicable in this case, bilateral hearing loss (an organic disease of the nervous system) is considered a chronic disease eligible for the presumption. 38 U.S.C.A. §§ 1101, 1112, 1137 (West 1991); 38 C.F.R. §§ 3.307, 3.309 (1992).

Service connection for impaired hearing shall only be established when hearing status, as determined by audiometric testing, meets specified puretone and speech recognition criteria. Audiometric testing measures threshold hearing levels (in decibels) over a range of frequencies (in Hertz). Hensley v. Brown, 5 Vet. App. 155, 158 (1993). The threshold for normal hearing is from zero to 20 decibels, and higher threshold levels indicate some degree of hearing loss. Id. at 157.

For the purposes of applying the laws administered by VA, hearing status shall not be considered service-connected when the thresholds for the frequencies of 500, 1000, 2000, 3000, or 4000 Hertz are all less than 40 decibels; the auditory thresholds for at least three of the frequencies 500, 1000, 2000, 3000, or 4000 Hertz are 25 decibels or less; and speech recognition scores using the Maryland CNC Test are 94 percent or better. 38 C.F.R. § 3.385 (1992). 

The Veteran filed an original service connection claim for bilateral hearing loss in December 1991. In a December 10, 1992 decision, the RO, in relevant part, denied service connection for bilateral hearing loss. The Veteran did not express disagreement or submit new and material evidence within one year, and the decision is final.

In its December 10, 1992 decision, the RO denied service connection for bilateral hearing loss stating that service treatment records do not show a diagnosis of hearing loss within VA criteria, the Veteran's October 1991 retirement audiology examination is within normal limits, and the July 1992 VA audiometric testing reveals hearing within normal limits in that all pure tone thresholds are less than 40 decibels loss with greater than 94 speech recognition. 

Audiometric testing performed at retirement in October 1991 revealed pure tone thresholds, in decibels, as follows:




HERTZ



500
1000
2000
3000
4000
RIGHT
0
0
0
20
25
LEFT
10
0
10
25
35

Audiometric testing also revealed auditory thresholds of 40 decibels at 6000 Hertz in the right ear, and 50 decibels at 6000 Hertz in the left ear; however, these frequencies are not considered for VA purposes. 




The July 1992 VA audiometric testing revealed pure tone thresholds, in decibels, as follows:



HERTZ



500
1000
2000
3000
4000
RIGHT
0
0
0
10
20
LEFT
10
5
0
15
35

Speech audiometry revealed speech recognition ability of 100 percent in the right ear and 98 percent in the left ear. The examiner diagnosed the Veteran with mild left-sided loss of "sensitivity."

The Board finds no CUE in the December 10, 1992 RO decision that denied service connection for bilateral hearing loss. The RO considered the Veteran's service treatment records, considered the results of the Veteran's retirement examination, and afforded the Veteran a new examination within one year of discharge from active service. The results of the July 1992 examination show that the Veteran did not have a hearing loss within VA criteria in that the thresholds for the frequencies considered by VA were all less than 40 decibels, the auditory thresholds for at least three of the frequencies in the relevant frequencies were 25 decibels or less, and speech recognition scores were 94 percent or better. A finding that the Veteran did not have a current hearing loss incurred in service was supported by the record. In the absence of proof of a present disability there can be no valid claim. Brammer v. Derwinski, 3 Vet. App. 223, 225 (1992). 

As such, the Board must find that the Veteran's current claim for reversal or revision on the basis of CUE in the December 10, 1992 RO decision arises from a disagreement in how the medical evidence was evaluated and not an error of fact or application of the facts to the law as they were known at that time.



 (CONTINUED ON NEXT PAGE)


ORDER

Revision or reversal on the basis of CUE of the December 10, 1992 RO decision that denied service connection for bilateral hearing loss is denied.



____________________________________________
TANYA SMITH
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs