﻿Citation Nr: AXXXXXXXX
Decision Date: 06/25/19 Archive Date: 06/24/19

DOCKET NO. 190211-3649
DATE: June 25, 2019

ISSUES

Whether there was clear and unmistakable error (CUE) in a December 2013 rating decision that denied entitlement to service connection for a lumbar back disability, a right knee disability, a left hand disability, and a right hand disability.

Entitlement to service connection for a lumbar back disability.

Entitlement to service connection for a right knee disability.

Entitlement to service connection for a left hand disability.

Entitlement to service connection for a right hand disability.

Entitlement to service connection for a left wrist disability.

Entitlement to service connection for a right wrist disability.

ORDER

Clear and unmistakable error (CUE) was not found in a December 2013 decision that denied entitlement to service connection for a lumbar back disability, a right knee disability, a left hand disability, and a right hand disability.

REMANDED

Entitlement to service connection for a lumbar back disability is remanded.

Entitlement to service connection for a right knee disability is remanded.

Entitlement to service connection for a left hand disability is remanded.

Entitlement to service connection for a right hand disability is remanded.

Entitlement to service connection for a left wrist disability is remanded.

Entitlement to service connection for a right wrist disability is remanded.

FINDING OF FACT

The December 2013 rating decision that denied entitlement to service connection for a lumbar back disability, a right knee disability, a left hand disability, and a right hand disability was reasonably supported by the evidence of record at that time, was consistent with the laws and regulations then in effect, and it did not contain undebatable error that would have manifestly changed the outcome.

CONCLUSION OF LAW

The December 2013 rating decision did not contain clear and unmistakable error. 38 U.S.C. § 5109A (2012); 38 C.F.R. § 3.105(a) (2018). 

REASONS AND BASES FOR FINDING AND CONCLUSION

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with VA’s decision on their claim to seek review. The Veteran chose to participate in VA’s test program RAMP, the Rapid Appeals Modernization Program. This decision has been written consistent with the new AMA framework.

The Veteran served on active duty from February 1993 to March 2013.

This case has a complex procedural history. By way of background, the VA regional office (RO) denied claims of entitlement to service connection for a lumbar back disability, a right knee disability, a left hand disability, and a right hand disability in December 2013. The Veteran and his representative were notified of that decision, but did not file a notice of disagreement, and thus that decision became final. 

In August 2016, the Veteran filed a claim to reopen his four claims for service connection that were denied in December 2013, and added two additional claims: service connection each for the left wrist and the right wrist. A December 2016 rating decision denied reopening of the claims of service connection for a lumbar back disability, a right knee disability, a left hand disability, and a right hand disability. A subsequent rating decision in February 2017 denied the claims for service connection for the left wrist and the right wrist on the merits. 

In February 2017, the Veteran filed a claim asserting CUE in the December 2016 rating decision that denied a lumbar back disability, a right knee disability, a left hand disability, and a right hand disability. In August 2017, the RO adjudicated and denied the Veteran’s February 2017 CUE claim, and also denied the service connection claims on the merits. The Veteran filed another claim for the same six issues in April 2018, and was again denied in May 2018.

Following that, in August 2018, the Veteran filed another notice of disagreement, and in November 2018, submitted the RAMP election form while selecting the Supplemental Claim lane. 84 Fed. Reg. 138, 177 (Jan. 18, 2019) (to be codified at 38 C.F.R. § 19.2(d)). The RO adjudicated all six issues for service connection in a January 2019 rating decision, which considered the evidence of record prior to the issuance of the RAMP rating decision. The Veteran then made a timely appeal of that RAMP decision to the Board and requested Direct Review of the evidence considered by the Agency of Original Jurisdiction (AOJ).

In the January 2019 RAMP decision, the AOJ determined that new and relevant evidence was received to warrant readjudicating the claims for service connection for a lumbar back disability, a right knee disability, a left hand disability, and a right hand disability. The Board is bound by this favorable finding. 84 Fed. Reg. 138, 167 (Jan. 18, 2019) (to be codified at 38 C.F.R. § 3.104(c)). As such, the Board need not adjudicate the reopening of the claim again and may proceed to the merits of all six of the service connection claims. The CUE claim will be considered separately, as the law and regulations for CUE were not altered in the 2017 AMA.

Clear and Unmistakable Error (CUE)

Veterans Claims Assistance Act of 2000 (VCAA): Duties to Assist and Notify

With regard to the Veteran’s CUE claim, the United States Court of Appeals for Veterans Claims (Court or CAVC) has specifically held that the VCAA has no application to allegations of CUE as a matter of law, regardless of whether the Board or RO issued the earlier decision in question. The VCAA does not apply to CUE claims or motions because they are not claims for benefits, but, rather, are a collateral attack on a final decision. See Livesay v. Principi, 15 Vet. App. 165, 178-79 (2001) (en banc); Parker v. Principi, 15 Vet. App. 407 (2002); see also 38 U.S.C. §§ 5109A (a); 7111(a); 38 C.F.R. §§ 20.1400-20.1411. 

Legal Basis for CUE

Generally, CUE must be pled with some degree of specificity as to what the alleged error is and, unless it is the kind of error that if true would be CUE on its face, the claimant must also give persuasive reasons as to why the result of the prior determination would have been manifestly different but for the alleged error. Fugo v. Brown, 6 Vet. App. 40, 44 (1993); see also Phillips v. Brown, 10 Vet. App. 25 (1997). 

Previous determinations that are final and binding (including decisions of service connection, degree of disability, age, marriage, relationship, service, dependency, line of duty, and other issues) will be accepted as correct in the absence of CUE. Where evidence establishes such error, the prior decision will be reversed or amended. 38 U.S.C. §§ 5109A, 7105(c), 7111(a) (2012); 38 C.F.R. §§ 3.104, 3.105(a), 20.1403 (2018). The appellant bears an “extra-heavy burden” when moving or requesting revision of a prior final decision based on CUE, as “[a] final decision is entitled to a strong presumption of validity.” Berger v. Brown, 10 Vet. App. 166, 169 (1997).

CUE is a very specific and rare kind of error. It is the kind of error, of fact or of law, that when called to the attention of later reviewers compels the conclusion, to which reasonable minds could not differ, that the result would have been manifestly different but for the error. Generally, either the correct facts, as they were known at the time, were not before the Board, or the statutory and regulatory provisions extant at the time were incorrectly applied. An assertion that the adjudicators had “improperly weighed and evaluated the evidence can never rise to the stringent definition of CUE.” Fugo v. Brown, 6 Vet. App. 40 (1993). Thus, even where the premise of error is accepted, if it is not absolutely clear that a different result would have ensued, the error complained of cannot be, ipso facto, [CUE]. Id. at 43-44. The failure to fulfill the duty to assist also cannot constitute CUE. Crippen v. Brown, 9 Vet. App. 412, 424 (1996).

The Court has established a three-prong test defining CUE, which is as follows: (1) either the correct facts, as they were known at the time, were not before the adjudicator or the statutory or regulatory provisions extant at the time were incorrectly applied; (2) the error must be undebatable and of the sort which, had it not been made, would have manifestly changed the outcome at the time it was made and (3) a determination that there was CUE must be based on the record and law that existed at the time of the adjudication in question. See Damrel v. Brown, 6 Vet. App. 242, 245 (1994); Russell v. Principi, 3 Vet. App. 310, 314 (1992) (en banc). 

“In order for there to be a valid claim of [CUE],... [t]he claimant, in short, must assert more than a disagreement as to how the facts were weighed or evaluated.” Id. See also Eddy v. Brown, 9 Vet. App. 52, 54 (1996). An asserted failure to evaluate and interpret correctly the evidence is not clear and unmistakable error. See Damrel v. Brown, 6 Vet. App. 242, 245-246 (1994). 

The record in the appeal to be reviewed for CUE is the record and law that existed at the time of the prior rating decision, not additional evidence submitted or otherwise obtained after the fact. Pierce v. Principi, 240 F.3d 1348, 1353 (Fed. Cir. 2001). A finding of CUE must be based solely on the evidence of record at the time of the decision in question. See Russell v. Principi, 3 Vet. App. 310, 313-14 (1992). When there is evidence both favorable and unfavorable on the issue, it is impossible for a Veteran to succeed in showing that the result would have been manifestly different. Simmons v. West, 14 Vet. App. 84, 88 (2000).

CUE motions are not “appeals,” so they are not subject to the Parts 19 or 20 of Title 38 of the C.F.R. regarding the processing of appeals, and the benefit-of-the-doubt rule under 38 U.S.C. § 5107(b) does not apply. 38 C.F.R. §§ 20.1402, 20.1411.

Whether there was clear and unmistakable error (CUE) in a December 2013 regional office rating decision that denied entitlement to service connection for a lumbar back disability, a right knee disability, a left hand disability, and a right hand disability.

Analysis of Clear and Unmistakable Error (CUE)

The Veteran asserts that the December 2016 RO rating decision that denied reopening a December 2013 rating decision which denied service connection claims for a lumbar back disability, a right knee disability, a left hand disability, and a right hand disability is clearly and unmistakably erroneous for two reasons. First, the Veteran asserts that certain evidence was excluded from the rating decision, and that if considered, would otherwise have resulted in favorable determinations of his service connection claims. Second, the Veteran argued that the VA’s duty to assist requirement under the VCAA was not met in that he was not provided VA compensation and pension examinations for each of his four service connection claims at issue in his CUE assertion. As will be explained following, the Board finds that the Veteran’s claim of CUE is invalid and thus fails as a matter of law.

The December 2013 rating decision that denied a lumbar back disability, a right knee disability, a left hand disability, and a right hand disability is a final and binding determination. There was not a timely substantive appeal, and therefore, the December 2013 decision is final. 38 U.S.C. § 7105 (2012); 38 C.F.R. §§ 20.200, 20.1103 (2018). The Veteran filed a claim to reopen the four denied issues in August 2016, but was denied reopening in a December 2016 rating decision. In February 2017, the Veteran filed a claim asserting that the December 2013 and 2016 decisions should be reviewed and corrected because of CUE.

CUE in RO decisions is governed primarily by 38 U.S.C. § 5109A and 38 C.F.R. §§ 3.104, 3.105, and 3.2600. Claimants may allege CUE in a RO decision at any time after the RO’s decision is made. A final and binding agency decision shall not be subject to revision on the same factual basis, except by duly constituted appellate authorities or except as provided in 38 C.F.R. § 3.105 and § 3.2600. 

The Board has reviewed the documents of record at the time of the December 2013 VA rating decision, the last final decision at hand, and the December 2016 rating decision, which denied reopening the four claims for service connection.

First Assertion

The Veteran asserts that certain evidence was excluded from the rating decision, and that if considered, would otherwise have resulted in favorable determinations of his service connection claims. The Veteran indicated he had provided sworn statements and medical records regarding his back, knees, and left and right hand joints that were not considered, though without specifically identifying any such records based on the medical provider or date in question.

The Veteran’s made his original service connection claims for a lumbar back disability, a right knee disability, a left hand disability, and a right hand disability in February 2013, and the RO denied those claims in December 2013. At the time of that initial rating decision, the Veteran’s service treatment records were considered along with September 2013 VA examinations for the hands, knees and lower leg, and the lumbar back. For each claim, the RO denied service connection because the medical evidence of record failed to show that each disability has been clinically diagnosed while in service or after service. The Veteran filed to reopen those four claims in August 2016, but in a December 2016 rating decision denied reopening each of the four claims because no new and material evidence had been submitted.

If the prior decision being collaterally attacked was a denial of a petition to reopen a previously denied claim based on new and material evidence, then, to show that the outcome would have been manifestly different but for the alleged error, the claimant must show that the claim should have been reopened and that it is undebatable that the underlying issue would have been granted. Crippen v. Brown, 9 Vet. App. 412, 421-23 (1996).

The Board notes that there are no private medical records relating to the four service connection claims in the claims file at the time of the pertinent rating decisions, and the Veteran’s service treatment records and his statements were part of the claims file that was evaluated in the December 2013 and subsequent rating decisions. When the Veteran filed a claim to reopen in August 2016, he also provided a lay statement that was added to the claims file. The Board notes that the lay statement of the Veteran was considered in the December 2016 rating decision, along with the previously mentioned evidence, that denied reopening of the service connection claims of a lumbar back disability, a right knee disability, a left hand disability, and a right hand disability.

In his CUE claim of February 2017, the Veteran did not specify which records or statements were not considered that would have otherwise manifestly changed the outcome of the denials of service connection. Furthermore, the Board has considered the doctrine of constructive possession, where VA must consider evidence that may not have been in the claims file at the time of the challenged decision, if the documents could reasonably be expected to part of the record and the evidence was within VA’s constructive possession not later than 90 days before the file was transferred to the Board. Bell v. Derwinski, 2 Vet. App. 611 (1992) (emphasis added); VAOPGCPREC 12-95. Constructive possession of VA treatment records is triggered if they are “generated by a VA medical facility and VA adjudicators at the VBA... have sufficient knowledge that such records exist.” Turner v. Shulkin, 29 Vet. App. 207, 218-19 (2018). 

Here, the Board notes that the Veteran must provide enough information to identify and locate the existing records, to include the person, agency, or custodian, the approximate time frame covered by the records, and in the case of medical treatment records, the condition for which the treatment was required. 38 C.F.R. § 3.159(c). The Veteran’s CUE complaint did not specifically identify any such records, and furthermore, the Board also notes that the VCAA’s duty to assist has no application to a CUE motion as a matter of law. The failure to fulfill the duty to assist cannot constitute CUE. Cook v. Principi, 318 F.3d 1334, 1345-47 (Fed. Cir. 2002). An incomplete record, factually correct in all other respects, is not CUE. Id. at 1346. The reasoning for this exclusion is that it is unknown what evidence would have been developed but for the breach, so the breach itself cannot be “outcome-determinative.” Id. See also Crippen v. Brown, 9 Vet. App. 412, 424 (1996).

Using the three-prong test for CUE then, the Board finds that the correct facts as they were known at the time were before the adjudicator, and that existing statutory and regulatory provisions were correctly applied, in that the RO considered the medical and other evidence before it when it denied the four service connection claims in December 2013, and denying reopening in December 2016 on the basis that no new and material evidence had been submitted. As such, the Veteran has not established an undebatable error of the sort that, had it not been made, would have manifestly changed the outcome at the time it was made. Thus, the Board finds that the RO’s decisions were based on the record and law that existed at the time of the adjudication in question. See Damrel v. Brown, 6 Vet. App. 242, 245 (1994); Russell v. Principi, 3 Vet. App. 310, 314 (1992) (en banc).

Even if the Board interpreted the Veteran’s CUE assertion as one of where not all the facts were considered, the Veteran’s claim of CUE still fails, since “[i]n order for there to be a valid claim of [CUE],... [t]he claimant, in short, must assert more than a disagreement as to how the facts were weighed or evaluated.” Russell v. Principi, 3 Vet. App. 310, 313-14 (1992) (addressing 38 C.F.R. § 3.105(a)); Damrel v. Brown, 6 Vet. App. 242, 246 (1994). See also Eddy v. Brown, 9 Vet. App. 52, 54 (1996). An asserted failure to evaluate and interpret correctly the evidence is not clear and unmistakable error. Damrel at 245-246. 

Second Assertion

Secondly, the Veteran argues that VA failed its duty to assist when it declined to provide new VA compensation and pension examinations for the claims of a lumbar back disability, a right knee disability, a left hand disability, and a right hand disability when he sought to reopen the previous denial from December 2013, and that such refusal constitutes a clear and unmistakable error which should be reversed.

The Board finds that this assertion, that VA’s decision not to provide new examinations for the Veteran’s four service connection claims constitutes clear and unmistakable error, is not a valid assertion of CUE. First, VA provided examinations for the lumbar back, right knee, and the bilateral hands in September 2013 prior to denying the initial claims of service connection in the December 2013 rating decision. Even though the Veteran filed a new claim to reopen his four previously denied service connection issues, VA is not required to secure a medical examination or opinion in a claim to reopen a previously denied claim unless it is determined that new and material evidence has been submitted and the claim is reopened. 38 C.F.R. § 3.159(c)(4)(iii); see Woehlaert v. Nicholson, 21 Vet. App. 456, 464 (2007) (noting that once a claim cannot be reopened the Secretary’s duty to provide the appellant with a medical examination is extinguished). 

Here, the RO denied reopening the Veteran’s four service connection claims in the December 2016, and as such, the duty to provide an examination did not attach. See 38 C.F.R. § 3.159(c). Even so, this assertion is not a valid assertion of clear and unmistakable error, because as previously noted, the failure to fulfill the duty to assist cannot constitute CUE. Crippen v. Brown, 9 Vet. App. 412, 424 (1996). As such, therefore, the Veteran’s second assertion of CUE, that VA failed its duty to assist in not providing an examination when the Veteran sought to reopen his previously denied service connection claims, fails as a matter of law. The fact that a VA examination was not conducted may not form the basis for a CUE claim. Shockley v. West, 11 Vet. App. 208, 213 (1998). To warrant revision of decision on the grounds of CUE, there must have been an error which, had it not been made, would have manifestly changed the outcome when it was made. If it is not absolutely clear that a different result would have ensued, the error complained of cannot be CUE. See Fugo v. Brown, 6 Vet. App. 40 (1993).

Upon review of the evidence of record at the time of the December 2013 and December 2016 rating decisions, the Board concludes that the Veteran has not met his burden of proof in demonstrating that clear and unmistakable error was made in those decisions.

REASONS FOR REMAND

1. Entitlement to service connection for a lumbar back disability is remanded.

2. Entitlement to service connection for a right knee disability is remanded.

3. Entitlement to service connection for a left hand disability is remanded.

4. Entitlement to service connection for a right hand disability is remanded.

5. Entitlement to service connection for a left wrist disability is remanded.

6. Entitlement to service connection for a right wrist disability is remanded.

The issue of entitlement to service connection for lumbar back, right knee, left and right hand, and left and right wrist disabilities is remanded to correct a duty to assist error that occurred prior to the January 2019 rating decision on appeal. Pub. L. No. 115-55, § 2(d)(2); 38 C.F.R. § 20.802(a). 

VA must provide an examination that is adequate for rating purposes. Barr v. Nicholson, 21 Vet. App. 303 (2007) (holding that once the Secretary undertakes the effort to provide an examination, he must provide an adequate one or, at minimum, notify the claimant why one will not or cannot be provided).

In the January 2019 rating decision, each issue was denied entitlement to service connection because the RO adjudicator determined that while the service treatment records reflected complaints, treatment, or a diagnosis similar to that claimed, the medical evidence supported the conclusion that a persistent disability was not present in service. There was no continuity of symptoms from service to the present. The evidence did not show a current diagnosed disability.

However, the Veteran complained of pain in his lumbar back, right knee, the left and right hands, and the left and right wrists in his VA examinations and his lay statements. The Board notes the case from the United States Court of Appeals for the Federal Circuit in Saunders v. Wilkie, 886 F.3d 1356 (Fed. Cir. 2018), which was issued in April 2018, prior to the RO’s January 2019 RAMP rating decision that denied the six issues. That case, like this one, involved a Veteran’s claim for service connection for disabilities, which was denied because the VA examiner found no current disability. The Federal Circuit found that the term “disability” as used in 38 U.S.C. 1110 “refers to the functional impairment of earning capacity, not the underlying cause of said disability,” and held that “pain alone can serve as a functional impairment and therefore qualify as a disability.” In other words, where pain alone results in functional impairment, even if there is no identified underlying diagnosis, it can constitute a disability.

Under Pub. L. No. 115-55, section 2(d)(2), the duty to assist applies to a claim or supplemental claim until the claimant is provided notice of the AOJ decision. The Secretary’s duty to assist does not apply to higher-level review by the AOJ or to review on appeal by the Board of Veterans’ Appeals. Id.; see 38 C.F.R. § 3.159(c). In other words, higher-level reviewers and the Board do not have a duty to assist the Veteran in obtaining the evidence needed to support his or her claim. Instead, for RAMP appeals, higher-level reviewers and attorneys and Veterans Law Judges at the Board are responsible for identifying duty to assist errors that were made prior to the initial AOJ decision on a claim or supplemental claim, or prior to the most recent AOJ decision in the Supplemental Claim Lane, as here. Id.

When the Board identifies a pre-decisional duty to assist error, under Pub. L. No. 115-55, section 2(d)(2); 38 C.F.R. §§ 3.159(c), 20.802(a), the Board will remand the appeal back to the AOJ with instructions to correct the error. Following correction of the error, the AOJ must readjudicate the issue. Pub. L. No. 115-55, § 2(d)(2); 38 C.F.R. § 3.2502.

The matters are REMANDED for the following action:

1. Schedule the Veteran for a VA examination(s) by a medical practitioner of sufficient expertise to determine the nature and etiology of the Veteran’s lumbar back, right knee, left and right hands, and left and right wrists disabilities. The claims file must be made available to and reviewed by the examiner. A note that it was reviewed should be included in the report. 

After reviewing the claims file and examining the Veteran, the examiner should answer the following question for each of the six claimed issues:

Whether it is at least as likely as not (probability of fifty percent or greater) that the Veteran’s lumbar back, right knee, left and right hands, and left and right wrists disabilities had their onset in service or is otherwise related to any in-service disease, event, or injury?

The examiner is to also carefully consider the Veteran’s statements of pain and other symptoms in light of the precedential finding of Saunders v. Wilkie, 886 F.3d 1356 (Fed. Cir. 2018), which held that pain alone can serve as a functional impairment and therefore qualify as a disability.

A detailed rationale supporting the examiner’s opinion should be provided. In forming the opinion, the examiner must consider all lay statements of record. If the examiner feels that the requested opinions cannot be rendered without resorting to speculation, the examiner must state whether the need to speculate is caused by a deficiency in the state of general medical knowledge (i.e. no one could respond given medical science and the known facts) or by a deficiency in the record or the examiner (i.e. additional facts are required or the examiner does not have the needed knowledge or training). Jones v Shinseki, 23 Vet. App. 382 (2010).

The examiner is reminded that the term “as likely as not” does not mean “within the realm of medical possibility,” but rather that the evidence of record is so evenly divided that, in the examiner’s expert opinion, it is as medically sound to find in favor of the proposition as against it.

 

MICHAEL A. PAPPAS

Veterans Law Judge

Board of Veterans’ Appeals

ATTORNEY FOR THE BOARD J. Setter, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.