Citation Nr: AXXXXXXXX
Decision Date: 10/29/21 Archive Date: 10/29/21

DOCKET NO. 190415-38331
DATE: October 29, 2021

ORDER

Entitlement to an effective date earlier than February 20, 2013, for the establishment of service connection for thoracolumbar degenerative arthritis of the spine and intervertebral disc syndrome (back disability), is denied.

Entitlement to an effective date earlier than February 20, 2013, for the establishment of service connection for right lower extremity radiculopathy, sciatic nerve, is denied.

Entitlement to an effective date earlier than February 20, 2013, for the establishment of service connection for left lower extremity radiculopathy, sciatic nerve, is denied.

Entitlement to an effective date earlier than February 20, 2013, for the establishment of service connection for bilateral plantar fasciitis with hallux rigidus and right foot Morton's neuroma (bilateral feet disabilities), is denied.

FINDINGS OF FACT

1. At the time of the receipt of the February 20, 2013 claims for service connection for back and bilateral feet disabilities, there was no pending or otherwise unadjudicated claims of entitlement to service connection for those conditions. 

2. There is no evidence of a clear and unmistakable error (CUE) in the March 2007 rating decision denying service connection for a back disability and bilateral feet disabilities.

CONCLUSIONS OF LAW

1. The criteria for entitlement to an effective date earlier than February 20, 2013, for the establishment of service connection for a back disability, are not met. 38 U.S.C. §§ 5110, 7105; 38 C.F.R. §§ 3.104, 3.105, 3.156, 3.304, 3.400, 20.1403.

2. The criteria for entitlement to an effective date earlier than February 20, 2013, for the establishment of service connection for radiculopathy of the bilateral lower extremities, sciatic nerves, are not met. 38 U.S.C. §§ 5110, 7105; 38 C.F.R. §§ 3.104, 3.105, 3.156, 3.304, 3.400, 20.1403.

3. The criteria for entitlement to an effective date earlier than February 20, 2013, for the establishment of service connection for bilateral feet disabilities, are not met. 38 U.S.C. §§ 5110, 7105; 38 C.F.R. §§ 3.104, 3.105, 3.156, 3.304, 3.400, 20.1403.

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran served on active duty from July 2001 to July 2004. This matter comes before the Board of Veterans' Appeals (Board) on appeal from a March 2019 Statement of the Case (SOC) by the Department of Veterans Affairs (VA) Regional Office (RO) in Cleveland, Ohio. 

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 C.F.R. § U.S.C.) 131 Stat. 1105(2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for veterans dissatisfied with the VA decision on their claims to seek review. This decision has been written consistent with the AMA framework. 

Following the March 2019 SOC denying the Veteran's claims, he submitted a VA Form 10182 (Notice of Disagreement) and selected the Hearing Docket. The Veteran testified at a Board hearing before the undersigned Veterans Law Judge in April 2021. A transcript of the hearing is of record. In adjudicating the appeal, the Board may consider the evidence of record at the time of the March 2019 SOC, as well as any evidence submitted within 90 days after the hearing.

Earlier Effective Dates 

The Veteran contends that he is entitled to earlier effective dates for his claims of service connection for a back disability and bilateral feet disabilities based on CUE in a March 2007 rating decision. 

The effective date of an award based on an original claim for compensation benefits or a claim reopened after a prior final denial is typically the date of receipt of the claim or the date entitlement arose, whichever is later. 38 U.S.C. § 5110(a); 38 C.F.R. § 3.400. 

Here, the RO granted the Veteran's claims for service connection for a back disability, to include bilateral lower extremity radiculopathy, and bilateral feet disabilities, in a December 2016 rating decision. The RO assigned the date of the Veteran's claim, February 20, 2013, as the effective date. The record reflects that the Veteran had previously filed claims for entitlement to service connection for a back disability and bilateral feet disabilities on January 6, 2007. The RO denied those claims in a March 2007 rating decision. Under the legacy appeals system in effect at the time of the March 2007 decision, it became final because the Veteran did not file a timely Notice of Disagreement, or submit new and material evidence within the applicable appeal period. 38 U.S.C. § 7105; 38 C.F.R. §§ 3.156(b); see also Davidson v. McDonough, 2021 U.S. App. Vet. Claims LEXIS 1819, 4 (Oct. 13, 2021); see also Bond v. Shinseki, 659 F.3d 1362 (Fed. Cir. 2011); Buei v. Shinseki, 24 Vet. App. 242, 251-52 (2010). 

Once a decision becomes final, it may only be revised by a showing of CUE. 38 C.F.R. §§ 3.104, 3.105. CUE is a very specific and rare kind of "error." It is the kind of error of fact or law, that when called to the attention of later reviewers compels the conclusion, to which reasonable minds could not differ, that the result would have been manifestly different but for the error. Simply to claim CUE on the basis that previous adjudication improperly weighed and evaluated the evidence can never rise to the stringent definition of CUE. Similarly, neither can broad-brush allegations of "failure to follow the regulations" or "failure to give due process," or any other general, nonspecific claim of error." Fugo v. Brown, 6. Vet. App. 40, 43-44 (1993). In addition, failure to address a specific regulatory provision involves harmless error unless the outcome would have been manifestly different. Id. at 44.

CUE is established when the following conditions are met: (1) either (a) the correct facts in the record were not before the adjudicator, or (b) the statutory or regulatory provisions in existence at the time were incorrectly applied; (2) the alleged error must be "undebatable," not merely "a disagreement as to how the facts were weighed or evaluated[;]" and (3) the commission of the alleged error must have "manifestly changed the outcome" of the decision being attacked on the basis of CUE at the time the decision was rendered. Evans v. McDonald, 27 Vet. App. 180, 185 (2014), aff'd, 642 F. App'x 982 (Fed. Cir. 2016); Damrel v. Brown, 6 Vet. App. 242, 245 (1994); Russell v. Principi, 3 Vet. App. 310, 313-14 (1992).

The error must be of a type that is outcome-determinative, and subsequently developed evidence may not be considered in determining whether an error existed in the prior decision. See Porter v. Brown, 5 Vet. App. 233, 235-36 (1993); Glover v. West, 185 F. 3d 1328 (Fed. Cir. 1999). A manifest change in outcome of an adjudication means that, absent the alleged CUE, the benefit sought would have been granted at the outset. King v. Shinseki, 26 Vet. App. 433, 441 (2014). The standard is not whether it is reasonable to conclude that the outcome would have been different. Id. at 442.

As a threshold matter, the Board finds the argument advanced by the Veteran alleges CUE with the requisite specificity. See Simmons v. Principi, 17 Vet. App. 104 (2003). The Board will therefore adjudicate the merits of his claim. 

The Veteran contends that he should have been awarded service connection in 2007 because his symptoms were present at that time. He also contends that that the March 2007 rating decision failed to properly account for the combat presumption. 

As pertinent here, the evidence considered at the time of the March 2007 rating decision consisted of the Veteran's service treatment records (STRs) and VA treatment records from May 2004 through April 2006. The STRs documented that the Veteran was diagnosed with right foot plantar fasciitis in service. The RO acknowledged this fact in the March 2007 rating decision, but concluded that there was no evidence of an ongoing disability after service. Review of the pertinent VA treatment records confirms that there was no complaint of right foot pain prior to March 2007 rating decision. The Veteran's STRs do not document a left foot injury, but the VA treatment records reflect the Veteran's complaint of left foot pain in April 2006. The treatment record reflected that the pain occurred after the Veteran ran a 912 mile marathon. Again, the RO acknowledged this record, but concluded there was no evidence of a nexus between the left foot condition and service. 

The STRs also fail to document an injury to the Veteran's back in service. Although there are documented instances of low back pain in the pertinent VA treatment records, the RO considered these instances in concluding that the Veteran did not have a currently diagnosed disability. While the Board is cognizant of the ruling in Saunders v. Wilkie, (886 F.3d 1356, 1363 (Fed. Cir. 2018)) that pain alone may constitute a disability, a CUE claim must be examined in the context of the law as it existed at the time of the rating decision in question. 

Based on the foregoing, the Board finds that CUE was not shown during the March 2007 rating decision because the RO considered the evidence of disability at the time of the decision and made a plausible interpretation of those facts. The evidence does not compel a contrary conclusion. 

The Board also finds the contention that the combat presumption was ignored as part of the March 2007 rating decision is insufficient to rise to the level of CUE. The record establishes the Veteran's participation in combat. Pursuant to 39 3.304(d), "[s]atisfactory lay or other evidence that an injury or disease was incurred or aggravated in combat will be accepted as sufficient proof of service connection if the evidence is consistent with the circumstances, conditions or hardships of such service even though there is no official record of such incurrence or aggravation." 

This regulation does not state that a veteran is entitled to an award of service connection for a disease or injury simply because the Veteran engaged in combat. Rather, the regulation aids a veteran by relaxing the evidentiary requirements for determining what happened in service. The Veteran must still establish a claim by competent evidence showing a current disability and nexus between that disability and service. See Gregory v. Brown. 8 Vet. App. 563, 567 (1996). 

Initially, the argument that the RO failed to apply a lower evidentiary burden amounts to an argument about weighing of evidence, which can never be CUE 38 C.F.R. § 20.1403(d)(3). Moreover, as the RO found no current right foot or low back disability at the time of the March 2007 rating decision, the combat presumption of 38 C.F.R. § 3.304(d) would not result in a finding of service connection. Although there was evidence of left foot pain in the record after service, the Veteran points to no evidence linking the left foot pain to his time in service. Thus, even if the combat presumption had been considered, it would not have resulted in a different outcome. Accordingly, there is no basis for a finding of CUE based on the failure to consider the combat presumption of 38 C.F.R. § 3.304(d). 

In sum, the record does not reflect the existence of CUE in the March 2007 rating decision. The RO's interpretation of the evidence is plausible and the combat presumption would not have made the result manifestly different. Accordingly, as the date the application to reopen the claims post-dates the date entitlement arose, and as such is the controlling date, the claims for earlier effective dates are denied. 

 

S.C. KREMBS

Veterans Law Judge

Board of Veterans' Appeals

Attorney for the Board M. Snyder, Associate Counsel

The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.